Plaintiff-appellee, Sheila Ann Chrisman, and defendant-appellant, Jack Chrisman, were married on March 3, 1974 and had three children, Jason born 5/10/78, Jeff born 12/23/80 and Jennifer born 2/19/84. The parties owned extensive real estate. Appellee filed for divorce on December 10, 1994.
Following two evidentiary hearings, the trial court entered a judgment entry and decree of divorce on August 29, 1995. In its decree the trial court dissolved the marriage between the parties. The court noted that the parties had stipulated that certain real property was marital and that the property should be sold with the net proceeds divided equally. This property included various rental units, a Ridge Road residence, and the A-1 Carry Out drive thru ("the carryout"). Appellee was managing the rental properties and appellant was managing the carryout. The court ordered that this arrangement should continue pending the sale of all properties. The court also ordered that the parties account to each other on their respective businesses. The court retained jurisdiction to divide the debts on those properties only. The court allocated other marital debt to appellant.
The parties had been in the process of building a residence on Drake Road ("the Drake Road residence") at the time of their divorce. The trial court ordered that appellant complete the remaining work on the Drake Road residence or hire it completed within a specified, brief period so it could be marketed for sale. The divorce decree noted that $19,000 remaining in a construction loan was probably sufficient to finish the work.
The decree found that the parties had stipulated that certain items were marital property and stipulated to their fair market value. The court found that of this property appellant had elected to retain property worth $24,085. The court found that appellee had retained property worth $5,600. Appellant was ordered to pay appellee $18,485 to "equalize the division of those items of personal property."
Appellee was awarded custody of Jason and appellant was awarded custody of Jeff and Jennifer. The order required neither party to pay child support to the other. The trial court found this "to be in the best interest of the parties for the reason that both parties have sufficient resources to support the children and because the visitation ordered herein provides both parties with significant time and responsibilities with all children."
Neither party appealed the August 1995 divorce decree. Thereafter appellant failed to timely finish the work on the Drake Road residence and did not sell the carryout. Appellant also failed to cooperate in the sale of all of the properties and was found in contempt of the court in November of 1995. Appellant was ordered to transfer title to all real estate held jointly to appellee as trustee for purposes of their sale. Appellant did not comply with this order and another entry was filed divesting appellant of his interest in the real estate and transferring title to appellee as trustee. Appellant did not appeal any of these orders.
Appellee thereafter sought and received the court's permission to purchase appellant's interest in the Ridge Road property at its stipulated appraised value. The rental properties were sold as ordered. Appellant did not obtain a loan commitment to purchase appellee's share in the Drake Road residence. Eventually the court issued an order evicting appellant from that residence.
In October of 1996, appellee filed a motion seeking the appointment of a receiver to run and sell the carryout and to sell the Drake Road residence. This motion was granted and was not appealed. Appellant continued to perform on-site management of the carryout. The receiver sold the carryout for $480,000 pursuant to court order. At the time of the sale, Columbia Oil Company claimed a gasoline bill of $66,656.41.
In December of 1996, appellant filed a seventeen branch motion challenging various prior orders of the trial court, including matters that had been determined by the final divorce decree. On October 6, 1997, the trial court filed an entry allocating to appellant the liability to Columbia Oil and any other indebtedness of the carryout. The court also ordered that there should be no adjustment to the income from the parties' operation of their respective businesses. The court found that appellee had provided an accounting of her income from the rental properties but that appellant had failed to provide an accounting for the carryout. The trial court also ordered that appellant would not be reimbursed for work he allegedly performed on the Drake Road residence as his testimony was not credible.
Appellant has presented five assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT NO FINAL APPEALABLE ORDER WAS FILED ON AUGUST 29, 1995 AND AS A CONSEQUENCE, FAILING TO CORRECT PATENT ERRORS IN THE RECORD.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN FAILING TO DIVIDE THE MARITAL PROPERTY EQUALLY AND TO DIVIDE THE MARITAL PROPERTY EQUITABLY.
Assignment of Error No. 3:
 THE TRIAL COURT ABUSED ITS DISCRETION IN AUTHORIZING MRS. CHRISMAN TO PURCHASE MR. CHRISMAN'S SHARE IN THE RIDGE ROAD PROPERTY FOR WHICH SHE WAS TRUSTEE, AND IN OVERRULING MR. CHRISMAN'S MOTION TO BE PERMITTED TO PURCHASE THE PROPERTY.
Assignment of Error No. 4:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DECLINING TO MAKE AN ORDER OF CHILD SUPPORT.
Assignment of Error No. 5:
 THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING MR. CHRISMAN NO COMPENSATION FOR PERFORMING WORK ON THE DRAKE ROAD PROPERTY.
Appellant argues in his first assignment and by reference in subsequent assignments of error that the trial court's August 29, 1995 divorce decree order was not final and appealable because it allegedly did not fully adjudicate "all the rights of the parties * * * such as property division, property tax allocation, and accounting issues." After contending that the August 29, 1995 decree was not final, he assigns as error the trial court's refusal to correct "errors in the record" which he asked the court to remedy on or about December 5, 1996. He complains that alleged mistakes in the division of personal property were simply a matter of mistakes in arithmetic. He therefore argues that even if the August 29, 1995 order were otherwise final, Civ.R. 60(A) or 60(B) should have been applied. Appellant does not specify his factual basis for invoking either rule, but references the remaining assignments of error; therefore, those arguments will be addressed there.
On the issue of whether the August 29, 1995 divorce decree was a final appealable order, we affirm the trial court's determination. A final order is one that affects a substantial right made in a special proceeding. R.C. 2505.02(B)(2). An action for divorce and the ancillary issues related to divorce are "special statutory proceedings." State ex rel. Papp v.James (1994), 69 Ohio St.3d 373, 379. The attendant issues of sustenance alimony, division of property, custody and child support must be considered in the context of a divorce decree. A trial court is required to equitably divide and distribute marital property between the parties after granting a divorce. See Wolfe v. Wolfe (1976), 46 Ohio St.2d 399. While a court does not have continuing jurisdiction to modify a marital property division incident to a divorce decree, the court may enter appropriate orders so as to effectuate its judgment. See R.C. 3105.171(I); Ricketts v. Ricketts (1996), 109 Ohio App.3d 746,751; Haller v. Haller (Mar. 18, 1996), Warren App. No. 95-06-063, unreported.
Here, a judgment entry and decree of divorce was entered on August 29, 1995. This decree clearly affected a substantial right in a special proceeding. The marriage was dissolved. The property was ordered sold and the proceeds divided equally. The custody of the children was determined. The fact that the court had continuing jurisdiction to effectuate its judgment does not alter the finality of the decree itself. Therefore we find that the August 29, 1995 divorce decree was a final appealable order. See Whiteman v. Whiteman (June 26, 1995), Butler App. No. 94-12-229, unreported. Appellant's first assignment of error is overruled.
In his second assignment of error appellant challenges aspects of the court's division of both personal and real property. Appellant argues that he received less in personal property than appellee. He also challenges the allocation of the carryout's debt.
Trial courts are required by law to divide marital and separate property equitably between the spouses. R.C.3105.171(B). Although this generally means equal division, if equal division would produce an inequitable result, then the property must be divided in such a way as the court determines to be equitable. R.C. 3105.171(D). The statute clearly places a good deal of discretion in the hands of the trial court to attain an equitable distribution. Thus a court's division of property shall not be reversed absent a showing of an abuse of that discretion. See, e.g., Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131. An abuse of discretion connotes more than an error of judgment or law; it suggests an attitude on the part of the court which is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In addition to the court's power to enter orders effectuating its prior orders, the trial court has authority under Civ.R. 60(A) and 60(B) to modify its judgments if the appropriate standards are met. Civ.R. 60(A) is invoked to correct clerical mistakes. A "clerical mistake" for purposes of Civ.R. 60(A), "refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." State ex rel. Litty v. Leskovyansky (1996),77 Ohio St.3d 97, 100. The court may correct a clerical mistake either on its own initiative or on the motion of any party. Id. There is no time limit for such motions. Substantive changes in judgments, orders, or decrees, however, are not within the purview of Civ.R. 60(A). Kuehn v. Kuehn (1988), 55 Ohio App.3d 245,247.
Pursuant to Civ.R. 60(B)(1), a trial court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect." Such a motion must be brought within one year. Civ.R. 60(B). We review the denial of a motion pursuant to Civ.R. 60(B) under the abuse of discretion standard. Griffey v. Rajan (1987), 33 Ohio St.3d 75.
The divorce decree stated that the parties had agreed that certain personal property was marital. The values for these listed properties were also stipulated. Appellant was awarded listed property which the trial court stated had an aggregate value of $18,485. Appellee was awarded an '87 van with a stipulated value of $5,000 and an '85 S-10 pickup with a stipulated value of $1,600. The trial court then stated that the fair market value of the items awarded to appellee based on the stipulations of the parties was $5,600. This may have been a mathematical error of $1,000.
Appellant was then directed to pay appellee $18,485 to "equalize the division of these items of personal property." It appears that the trial court may have arrived at this figure by subtracting the value it had calculated for the property received by appellee from the value of the property received by appellant. However, an actual "equalization" would have been accomplished by taking the total value of all listed personal property divided by two and requiring appellant to pay to appellee an amount which would bring her share up to that amount. Appellant was later ordered to pay interest on this sum. He did not appeal the trial court's orders.
The alleged mistakes or clerical errors were not brought to the court's attention until December 5, 1996. Appellant argued that the trial court could correct the asserted errors by addressing them under Civ.R. 54(B), 60(A), or 60(B)(5). These are separate remedies depending on the type of error or omission asserted. The court's October 6, 1997 order does not specifically address appellant's claims concerning the personal property division. We therefore cannot discern whether the trial court denied appellant's motion to correct the possible equalization mistake based on Civ.R. 60 (A) or 60 (B).[1] However, on appeal, we presume that the trial court's judgment was rendered on a valid basis and "every reasonable inference is to be indulged to support such judgment." McManus v. Buskirk
(1964), 176 Ohio St. 75.
It therefore appears that the trial court determined that no clerical or mathematical mistake occurred and accordingly denied relief under Civ.R. 60(A). Although the matter is not free from all doubt, we cannot find that the court abused its discretion in so finding. The equalization may have been based on an erroneous assumption by the trial court. However, if a mistake was made, it was not a clerical error, such as a mistake in transcription, but a mistake of fact, i.e. how to accomplish an equalization. Civ.R. 60(A) is not the appropriate vehicle for questions requiring juridical decision on the basis of the record. See Fugate v. Fugate (July 3, 1990), Montgomery App. No. 12028, unreported. The changes which appellant sought were substantial, and should only have been granted if they reflected the court's actual intention. Dentsply Int'l. v.Kostas (1985), 26 Ohio App.3d 116. Civ. R. 60(A) may not be used to change something that has been done deliberately. Id. Such a determination must be left to the trial court in the first instance.
We further infer that the trial court determined that appellant's motion pursuant to Civ.R. 60(B) was not timely filed. By appellant's own admission, the allegedly erroneous equalization determination was entered in August of 1995, and he did not file any objection until December of 1996. Therefore, the motion was not timely filed under the applicable standard for a Civ.R. 60(B)(1) motion based on mistake, inadvertence, or neglect. Although appellant alleged that he was bringing his motion pursuant to Civ.R. 60(B)(5), that division of the rule should not be used as a substitute for a 60(B)(1) motion. See Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64; Dugan v. Dugan (July 18, 1990), Hamilton App. No. C-890261, unreported. Therefore, appellant's second assignment of error as it relates to the personal property division is overruled.
Appellant next argues that the trial court erred by obligating him to pay the real estate taxes for the carryout and its gas debt to Columbia Oil. The trial court expressly retained jurisdiction over issues surrounding the debts of the income-producing properties. This was entirely proper to effectuate its judgment that the property should be sold and the proceeds divided equally. The carryout was ordered sold in the divorce decree. Appellant did not cooperate in selling any of the marital property, appellee effectuated the sale of most of the rental properties and a receiver was eventually appointed to effectuate the sale of the carryout and the Drake Road residence.
The carryout had been operated as a corporation and the parties owned the real estate individually. The court found that the carryout had always generated sufficient income to meet its expenses. The court also found that appellant continued to pay himself rent while he operated the business exclusively. There was ample support in the record for these findings and the court did not abuse its discretion by holding appellant liable for the expenses of the carryout. The court ordered that fixed expenses associated with the sale of the business such as an environmental assessment and accountant's fees should be divided between the parties. However, the court adequately explained its reasons for holding appellant solely responsible for the real estate taxes and gas debt. The trial court has wide discretion in determining such matters. See,e.g., Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. Therefore, appellant's second assignment of error as it relates to the debts of the carryout is overruled.
In his third assignment of error, appellant argues that the trial court erred in authorizing appellee to purchase his share in the Ridge Road residence and in overruling his motion to be permitted to purchase the property. Appellant argues that appellee as trustee should have been prohibited from self-dealing. Appellant's argument is misplaced. Appellee was not a trustee pursuant to a deed or will. She was simply named trustee in order to effectuate the sale of the properties as ordered by the court. Appellee accounted to appellant for all sales and appellant received his share of the proceeds. Both parties agree that appellee purchased the Ridge Road property for one-half of its appraised value. Both parties had previously agreed to accept any reasonable offer at appraised price or better. The trial court specifically approved this sale. Under these circumstances, we cannot find that the trial court abused its discretion and appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant argues that the trial court abused its discretion in declining to make an order of child support. In the divorce decree, appellant was awarded custody of the two younger children. Appellee was awarded custody of Jason, who is now emancipated. The court declined to order child support at that time, as the court had found that both parties had sufficient resources to provide for the children in their respective custody. Custody and support issues were therefore determined in the divorce decree and were not appealed.
Appellee was later granted custody of Jennifer and Jeff in February of 1997. Appellant brought a motion for change of custody and for child support in May of 1997. Appellant states that a pretrial on this motion was held but that no orders concerning child custody and support have been issued. He apparently argues that his motion for custody and support has been denied sub silentio and is therefore appealable based on the appealability of the October 7, 1997 order. Appellee, on the other hand, maintains that appellant's latest custody motion is pending. The record reflects that a custody hearing was scheduled for May 6, 1998. We cannot find from this record that appellant's motion for child custody and child support has been denied. Issues of child custody and child support are not properly before us. Therefore, appellant's fourth assignment of error is overruled.
In his final assignment of error, appellant claims that the trial court erred by failing to award him compensation for work performed on the Drake Road residence. Appellant had been ordered to complete work on that property by July 1, 1995. At a hearing, appellant had testified that it would cost approximately $6,000 to complete the work if he hired outside contractors. He therefore proposed to complete the work himself. The court later allowed appellant to live in the property, however he was specifically ordered to cooperate in marketing the property. He did not do so and did not obtain a loan commitment to purchase. Appellant was evicted from the property by the court in July 1996.
In August of 1996 appellant filed a mechanic's lien against the property in the amount of $148,863.73. Appellant was thereafter under a subpoena to bring any documentation in support of his claim to a hearing conducted by the trial court in February 1997. Appellant did not bring any documentation and the court then found that his claims were exaggerated, his testimony was not credible, and reimbursement would not be granted. Matters of credibility are for the trier of fact.Leonard v. Leonard (Aug. 17, 1992), Butler App. No. 91-08-143, unreported. The trial court's order was within its discretion and appellant's final assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] Civ.R. 54(B) does not apply as the divorce decree was a final appealable order.