HEARN, Appellant,

v.

BROADWATER, Appellee.

[Cite as *Hearn v. Broadwater* (1995), 105 Ohio App.3d 586.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 94–L–132.

Decided Aug. 7, 1995.

*Michael A. Hiener,* for appellant.

*Dale Broadwater, pro se.*

CHRISTLEY, Judge.

This accelerated appeal results from a final judgment of the Painesville Municipal Court, Small Claims Division. Appellant, Virginia Hearn, seeks the reversal of the trial court's judgment, which was contrary to the referee's recommendations.

On July 15, 1994, the referee recommended judgment for appellant for $1,400, plus ten percent interest and costs. Judgment was entered accordingly by the trial court on the same day.

On July 18, 1994, appellee filed objections to the referee's findings of fact and recommendations in the form of a letter to the judge. The objections were based on evidence allegedly presented at the hearing, but were not in the form of an affidavit or supported by a transcript or other adequate record of the hearing before the referee. Appellant did not respond to appellee's objections.

The judge subsequently found appellee's objections to be well taken and vacated his July 15, 1994 judgment entry. He modified the referee's recommendations by granting judgment in favor of appellant and against appellee in the amount of $700, plus interest and court costs.

Appellant filed this timely appeal and asserted the following assignments of error:

"1. The Trial Court erred in sustaining appellee's objections to referee's report after entering judgment on behalf of appellant.

"2. The judgment of July 28, 1994 is against the manifest weight of the evidence."

As a preliminary matter we note that under Civ.R. 53(E)(7), the trial court can enter judgment at any time during the fourteen-day objection period;

however, if objections are subsequently and timely filed, the court must stay its order and consider and rule on the objections. Such was the case here. *Barksdale v. Van's Auto Sales, Inc.* (1989), 62 Ohio App.3d 724, 577 N.E.2d 426.

■ Appellant's first assignment of error alleges that the trial court erred in sustaining appellee's objections because appellee failed to file a transcript or affidavit with his objections. We find this argument to have merit based on Civ.R. 53(E)(6).

In the second assignment of error, appellant challenges the trial judge's July 28, 1994 judgment as being against the manifest weight of the evidence.

■ Regardless of whether a transcript has been filed, the trial judge always has authority to determine if the referee's findings of fact are sufficient to support the conclusions of law drawn therefrom. Thus, the trial court can come to a different legal conclusion *if* that conclusion is supported by the referee's findings of fact.

■ In this instance, the trial judge determined that $700, not $1,400, was the appropriate amount of judgment. There is nothing in the referee's findings to support this latter conclusion. Therefore, it is against the manifest weight of the evidence and the second assignment has merit.

This court reverses the judgment of the trial court and enters judgment in favor of appellant for $1,400. It is so ordered.

*Judgment reversed.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.