This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, George Vukovich, appeals a decision of the Summit County Common Pleas, Domestic Relations Division, denying his motion for a no contact order. This Court affirms.
The parties were previously before this Court upon appellant's appeal of a decision of the Summit County Juvenile Court denying appellant's motion for reallocation of parental rights and responsibilities. Vukovichv. Hutzler (Feb. 28, 2001), Summit App. No. 20147. This Court affirmed the decision of the juvenile court.
Appellant and appellee, Jennifer Hutzler, were never married. However, they are the parents of a minor child, Dakota, born April 21, 1995. The parties are subject to a shared parenting agreement adopted by the Summit County Juvenile court on December 13, 1999.
The present case commenced with the filing of appellant's motion for a no contact order. The subject of the no contact order was Stephanie Draper, appellee's live-in girlfriend. A hearing was held, and the magistrate found that appellant did not raise any new issues that were not previously before the court upon appellant's motion to modify the shared parenting plan. Appellant filed objections to the magistrate's decision. The court adopted the magistrate's decision in a judgment entry journalized on July 24, 2001, holding that appellant's objections were untimely.
Appellant timely appealed and has set forth three assignments of error for review.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN ITS RULING THIS CASE RES JUDICATA IN DIRECT CONTRADICTION TO THIS APPELLATE COURT[']S LAST DECISION WHICH AS STATED WAS THE SOLE PURPOSE OF ITS FILING.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN WILLFULLY IGNORING THE MULTITUDE OF FRAUD AND PERJURY AND COMITTED BY THE APPELLEE AS WELL AS COUNSEL AS WELL STATED BEFORE THE COURT AND IN HIS OBJECTION TO THE MAGISTRATE[']S DECISION AND IN THIS CASE DUE TO THE NATURE OF THE ISSUES, CLEARLY CONSTITUTE CRIMINAL CHILD ENDANGERMENT.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY FAILING TO ADOPT THE G.A.L. REPORT AS AN ORDER IN THIS CASE DUE TO THE LACK OF ANY SUBSTANTIATED EVIDENCE THAT WOULD WARRANT SAME.
The assignments of error will be discussed together as the same analysis applies to all.
Pursuant to Civ.R. 53(E)(3)(a), a party must file objections to a magistrate's report within fourteen days of the report being filed in the trial court. A trial court will only consider objections to a magistrate's decision that are timely filed. Hearn v. Broadwater (1995),105 Ohio App.3d 586, 587-88.
In the present case, the magistrate conducted a hearing regarding appellant's motion for a no contact order on June 7, 2001. The magistrate's decision regarding the motion was journalized in the trial court on June 22, 2001. Appellant's objections to the magistrate's decision were filed on July 9, 2001, seventeen days after the decision was filed. Under Civ.R. 53(E)(3)(a), appellant failed to file timely objections.
This Court finds that the trial court did not err by not considering appellant's objections to the magistrate's decision because his objections were not timely filed. Appellant's first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR.