DECISION AND JUDGMENT ENTRY
{¶ 1} Respondent-Appellant Brian K. Brown appeals the judgment of the Adams County Court of Common Pleas, which granted Petitioner-Appellee Bonnie L. Burke's petition for a civil protection order against appellant. Appellant asserts that the trial court erred by adopting the magistrate's decision without permitting appellant time to file objections to those findings. Appellant also asserts that the trial court's judgment was against the manifest weight of the evidence and in violation of his constitutional rights.
 {¶ 2} For the reasons that follow, we disagree with appellant and affirm the judgment of the trial court.
 The Trial Court Proceedings {¶ 3} Petitioner-Appellee Bonnie L. Burke and Respondent-Appellant Brian K. Brown, who have never been married, are the parents of Berea Brown, who was born on October 10, 1996. After their child was born, they lived together for a short time in Washington Courthouse, Fayette County, Ohio. However, appellee moved to her mother's home in Adams County taking Berea with her.
 {¶ 4} Subsequently, in a case before the Adams County Court of Common Pleas, Juvenile Division, appellant admitted paternity and was ordered to pay child support. Appellant, who still lived in Washington Courthouse, occasionally would visit his daughter in Adams County.
 {¶ 5} On September 24, 2001, appellee filed in the Adams County Court of Common Pleas a petition seeking a civil protection order against appellant. In her petition, appellee alleged that appellant engaged in the following act of domestic violence:
 {¶ 6} "On Friday [September 21, 2001] Mr. Brown called me [three] times at work, threatened me regarding breaking my legs and taking our daughter away. I am scared for my life and my daughter's life. for [sic] myself to look over my shoulder at all times. [sic] And he knows where Berea's babysitter is and will take her."
 {¶ 7} The petition also sought an ex parte (i.e., emergency) protection order, which was contemporaneously granted.
 {¶ 8} On November 16, 2001, following several continuances, a hearing was held before a magistrate pursuant to Civ.R. 53. During the hearing, appellee testified that appellant had not threatened her via the telephone on September 21, 2001, but that he had done so in person at her apartment and in the presence of their daughter. Appellee further testified that appellant had not seen his daughter since June 2001.
 {¶ 9} Upon cross-examination, appellee affirmed her prior testimony that appellant had not threatened her over the telephone on September 21, 2001, as alleged in her original petition. But, she testified again that he had threatened her in her apartment, and in the presence of their daughter, about a week before the September 21, 2001 telephone calls to her place of employment.
 {¶ 10} Appellant presented the testimony of Charles Accord, an employee in appellant's contracting business. Mr. Accord testified that he was present at appellant's home on September 21, 2001, at the time appellant called and spoke to appellee. Mr. Accord testified that appellant did not threaten appellee during any of the three telephone calls between appellant and appellee that afternoon.
 {¶ 11} Finally, appellant testified on his own behalf. Appellant denied ever threatening appellee. Further, appellant denied being at appellee's apartment one week prior to their telephone conversations and asserted that any conversations he had with appellee concerned her unauthorized use of his name and social security number to procure credit for her use.
 {¶ 12} Following the presentation of testimony, the magistrate permitted the parties to present argument. Appellant argued that he did not have notice of the allegations against him. Appellant argued that because appellee changed her allegation from a threat over the telephone on September 21, 2001, to a threat made in person a week before the incident alleged in the petition, he was unable to adequately prepare a defense. Appellant further argued that appellee's testimony was inconsistent and lacked credibility.
 {¶ 13} On November 27, 2001, a "Domestic Violence Full Hearing Civil Protection Order" was filed by the trial court, bearing the signature of the magistrate and the trial judge. The order required that appellant have no contact with appellee or their daughter and not come within one hundred yards of them. Further, the order provided that appellant could have visitation with his daughter in the presence of a third party, according to appellee's schedule, "if any." Appellant never filed any objections to this decision.
 The Appeal {¶ 14} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.
 {¶ 15} First Assignment of Error: "The trial court erred to the prejudice of appellant by failing to follow Ohio Civil Rule 53(E) by entering a final domestic violence full hearing protection order without separate magistrates [sic] decision, nor allowing fourteen (14) days to object to a decision of magistrate [sic] before entering the court order."
 {¶ 16} Second Assignment of Error: "The trial court erred to the prejudice of the appellant by finding that appellee was in danger of or had been a victim of domestic violence, as defined by Ohio Revised Code 3113.31(a), when there was no evidence of any domestic violence ever; and appellee admitted there had been no threat of or actual occurrence of domestic violence on the date alleged in appellee's petition for domestic violence civil protection order, thereby a finding was made against the manifest weight of the evidence."
 {¶ 17} Third Assignment of Error: "The trial court erred to the prejudice of the appellant by denying appellant his constitutional rights of adequate notice of the allegation against him by finding domestic violence occurred based upon an alleged threat on a different date not referenced by in [sic] appellee's petition for civil protection order."
 I. Civ.R. 53 {¶ 18} In appellant's First Assignment of Error, he argues that the trial court erred by issuing the civil protection order against him because the trial court's action allegedly did not comply with Civ.R. 53.
 {¶ 19} R.C. 3113.31 provides for the issuance of civil protection orders concerning domestic violence. It states that, "Any proceeding under this section shall be conducted in accordance with the Rules of Civil Procedure, * * *." R.C. 3113.31(G).
 {¶ 20} Civ.R. 53 governs the proceedings before, and decisions of, magistrates in Ohio. See Civ.R. 53. Civ.R. 53(D)(1) provides that "All proceedings before the magistrate shall be in accordance with these rules and any applicable statutes, as if before the court." Civ.R. 53(D)(1). Civ.R. 53 further provides that a magistrate is only required to file his or her decision. See Civ.R. 53(E).
 {¶ 21} The magistrate's decision is no longer required to set out findings of fact sufficient to enable the trial court "to make an independent analysis of the issues." See Takacs v. Baldwin (1995),106 Ohio App.3d 196, 208-209, 665 N.E.2d 736 (applying former Civ.R. 53); see, also, In re Chapman (Apr. 21, 1997), Butler App. No. CA96-07-127 (comparing the current version of Civ.R. 53 with the former version). Nevertheless, parties to the proceedings before the magistrate may request separate findings of fact and conclusions of law pursuant to Civ.R. 52. See In re Chapman, supra. If a request for findings of fact and conclusions of law is made, a magistrate must include findings of fact and conclusions of law in its decision, or file an amended decision incorporating them if the magistrate's decision has already been filed. See id.
 {¶ 22} A magistrate's decision becomes effective when it has been adopted by the trial court. See Civ.R. 53(E)(4)(a). "The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." Id.
 {¶ 23} The parties to the proceedings before the magistrate have fourteen days from the filing of the magistrate's decision to file objections to that decision. See Civ.R. 53(E)(3)(a). However, the trial court need not wait fourteen days to pass or for the filing of objections to adopt the magistrate's decision. See Civ.R. 53(E)(4)(c). Nevertheless, if a trial court adopts a magistrate's decision and a party subsequently files timely objections to the magistrate's decision, the filing of objections acts as an automatic stay of that judgment until the trial court disposes of those objections. See Civ.R. 53(E)(4)(c); see, also, Hearn v. Broadwater (1995), 105 Ohio App.3d 586, 664 N.E.2d 971.
 {¶ 24} Appellant asserts that because the civil protection order against him was signed by both the magistrate and trial court when it was issued without a separate magistrate's decision, that he was precluded from filing objections to the magistrate's decision to grant the protection order.
 {¶ 25} We disagree. As we have noted, a trial court is not required to wait for the filing of objections, or the expiration of time to do so, before it adopts the decision of the magistrate. See Civ.R. 53(E)(4)(c); see, also, Duganitz v. Ohio Adult Parole Auth.,92 Ohio St.3d 556, 2001-Ohio-1283, 751 N.E.2d 1058. In the case sub judice, the magistrate decided to issue the civil protection order as evidenced by its signature on the order. The trial court adopted the magistrate's decision as indicated by its signature on the same order. Even though he may have mistakenly thought he was, appellant was not precluded from filing objections to the magistrate's decision with the trial court, even after the trial court's adoption of the magistrate's decision. See id.
 {¶ 26} Accordingly, we overrule appellant's First Assignment of Error.
 II. Remaining Assignments of Error {¶ 27} Appellant's two remaining assignments of error challenge the magistrate's decision and the judgment of the trial court on bases that could have been presented to the trial court in the form of timely-filed objections to the magistrate's decision. "Civ.R. 53(E)(3)(b) prohibits a party from `assigning as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.'" State ex rel. Booher v.Honda of Am. Mfg., 88 Ohio St.3d 52, 53-54, 2000-Ohio-269, 723 N.E.2d 571;Smith v. Null, 143 Ohio App.3d 264, 2001-Ohio-2386, 757 N.E.2d 1200.
 {¶ 28} Accordingly, we overrule appellant's Second and Third Assignments of Error.
 III. Conclusion {¶ 29} Therefore, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Abele, P.J., and Kline, J.: Concur in Judgment and Opinion.