GORDON, APPELLEE, *v.* GORDON, APPELLANT.

[Cite as *Gordon v. Gordon,* 98 Ohio St.3d 334, 2003-Ohio-1069.]

(No. 2002–0299—Submitted January 21, 2003—Decided March 26, 2003.)

ALICE ROBIE RESNICK, J.

{¶ 1} Appellant Mark H. Gordon and appellee Stephanie J. Gordon divorced in 1995. At that time, appellant was ordered to pay child support for the couple's minor son, who had been born in 1992. In June 2000, appellant moved for a decrease in his child-support obligation, claiming that he had recently suffered a substantial reduction in income. A magistrate held hearings on the motion on August 10, 2000, and November 27, 2000.

{¶ 2} Appellant states in his brief, with no specific support in the record, that in late 2000 in a telephone conference with the attorneys for the parties, the magistrate communicated to them his decision to raise appellant's child-support obligation to a specific amount. In response to the magistrate's telephone pronouncement, appellant filed objections to the magistrate's decision on January 29, 2001.

{¶ 3} On February 22, 2001, the magistrate issued a written decision that raised appellant's child-support obligation based on income that the magistrate imputed to appellant. Appellant did not file new objections to the magistrate's written decision and did not refile his earlier objections. Appellee never filed anything in response to appellant's January 29, 2001 filing.

{¶ 4} On March 26, 2001, the trial court adopted the magistrate's decision as its judgment, finding that no objections had been filed within 14 days of the magistrate's decision. Also on that date, the trial court acknowledged in a

separate entry that appellant filed objections on January 29, 2001, but found that those objections were untimely because they were filed before the magistrate issued his written decision. The trial court overruled the objections for that reason.

{¶ 5} Appellant appealed to the court of appeals on two grounds: the trial court's decision to disregard his objections as untimely and the trial court's substantive judgment to raise his child-support obligation. The court of appeals affirmed the ruling that the objections were untimely and therefore declined to consider the merits of the decision to raise appellant's child-support obligation. See *State ex rel. Booher v. Honda of Am. Mfg., Inc.* (2000), 88 Ohio St.3d 52, 53–54, 723 N.E.2d 571 ("Civ.R. 53[E][3][b][1] prohibits a party from 'assign[ing] as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule' ").

{¶ 6} The court of appeals granted appellant's motion to certify a conflict on the issue of whether his premature objections to the magistrate's decision should be regarded as timely, finding its holding on that issue in conflict with the judgment of the Seventh District Court of Appeals in *Koss v. Koss* (June 29, 1982), Mahoning App. No. 81CA47, 1982 WL 6152.

{¶ 7} The cause is now before this court upon our determination that a conflict exists.

{¶ 8} The issue certified by the court of appeals is "Where objections to a magistrate's decision are filed in advance of the filing of the magistrate's decision to which the objections apply, does the trial court err as a matter of law or abuse its discretion by overruling the objections as untimely?"

{¶ 9} In agreeing with the trial court that the objections were untimely, the court of appeals cited Civ.R. 53(E)(3)(a), which provides, "Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." The court of appeals found that because appellant's objections were filed *before* the magistrate's decision was filed, they had not been filed "within fourteen days" of that decision's filing, and so were untimely.

{¶ 10} In *Koss,* the Seventh District Court of Appeals found on similar facts that prematurely filed objections to a magistrate's decision should be considered timely. The *Koss* court analogized the situation before it to that of a prematurely filed notice of appeal, which under App.R. 4(C) "is treated as filed immediately

---

1. Proposed amendments to Civ.R. 53 are pending. The amendments are due to take effect on July 1, 2003, unless they are modified, withdrawn, or disapproved prior to that date. Ohio Official Reports Advance Sheets of Jan. 27, 2003, xxix, xxxi-xxxiv; <ftp://ftp.sconet.state.oh.us/RuleAmendments/2003/r1010703–A.doc>. The proposed amendments would have no effect on the resolution of this case but would renumber parts of Civ.R. 53(E) and would alter the wording of some of the provisions of Civ.R. 53(E) quoted in this opinion.

after" the filing of the final order being appealed. The court in *Koss* found that no party would be prejudiced if the objections were treated as timely.

{¶ 11} In the case sub judice, the court of appeals recognized that App.R. 4(C) is applicable to premature notices of appeal but declined to extend that result by analogy to premature objections to a magistrate's decision. The court of appeals found that "the civil rules do not provide a mechanism for considering premature objections to a magistrate's decision as timely filed when the decision is journalized."

{¶ 12} Although we acknowledge that objections to a magistrate's decision are significantly different in character from a notice of appeal, we agree with the court in *Koss* that neither party would be prejudiced if prematurely filed objections were to be considered timely. Civ.R. 53(E)(3)(a) does not specify that prematurely filed objections to the magistrate's decision are untimely. The rule simply provides that the objections must be filed within 14 days of the decision, thereby setting the outside time limit for filing objections. The rule is silent on the timeliness of prematurely filed objections.

{¶ 13} Civ.R. 1(B) provides that the Civil Rules "shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Treating prematurely filed objections to a magistrate's decision as untimely would elevate form over substance and would not promote just results because no prejudice to either party would result from treating the prematurely filed objections as timely. Furthermore, there is no jurisdictional problem if premature objections are treated as timely. The premature objections should be deemed filed on the date the magistrate's decision is filed.

{¶ 14} We do not mean to imply that appellant's decision to file his objections prematurely and then not to file anything once the magistrate's decision was filed was a prudent course of action. Civ.R. 53(E)(3)(b) provides that objections to the magistrate's decision "shall be specific and state with particularity the grounds of objection." A party who files premature objections runs the risk of not complying with this rule and of having the objections overruled because they are not responsive to the grounds ultimately relied on by the magistrate.

{¶ 15} In addition, there is always the possibility that the magistrate will reconsider his or her position after it is unofficially conveyed to the parties, making it unwise to rely on the magistrate's early explanation of the expected final decision. The act of filing of the magistrate's decision confers upon it the finality necessary for a party to be sure of making relevant objections to it.

{¶ 16} For all of the foregoing reasons, we hold that prematurely filed objections to a magistrate's decision are not untimely for purposes of Civ.R. 53(E)(3). Even though the premature objections are timely, the party who files

premature objections runs the risk of having them overruled for a different reason—that they are not responsive to the magistrate's decision.

{¶ 17} In this case, fortunately for appellant, his premature objections were responsive to the magistrate's decision and did state with particularity the reasons appellant disagreed with the magistrate's decision. For that reason, there was no need for appellant to refile his objections. No prejudice to either party will result from treating the objections as timely. We reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings.

Judgment reversed
and cause remanded.

MOYER, C.J., F.E. SWEENEY, PFEIFER, CHRISTLEY, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

JUDITH A. CHRISTLEY, J., of the Eleventh Appellate District, sitting for COOK, J.

———

John F. Kolberg, for appellee.

Rittgers & Rittgers, James A. Dearie and Ellen B. Rittgers, for appellant.