OPINION
{¶ 1} This appeal arises from the judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division awarding appellee, Barbara J. Cesari,[1] spousal support. Appellant, Raymond Cesari, contends the trial court did not have jurisdiction to award the support in question and therefore its judgment is void. The following facts represent the background of the instant appeal:
 {¶ 2} On August 23, 2000, appellant filed for divorce. At the time, Judge Francine Bruening was the presiding judge of the Domestic Relations Division of the Lake County Court of Common Pleas. On November 8, 2001, a full hearing on asset division and spousal support was held before Magistrate Eugene Adelman. On March 13, 2002, the magistrate filed his decision in which he made findings regarding the parties' assets and concluded neither party should be awarded spousal support. On March 28, 2002, appellee filed objections to the March 13, 2002 decision challenging the property division and the failure to award spousal support. Although the objections failed to comply with the requirements of Civ.R. 53(E)(3)(a) and (b),[2] the court nevertheless entertained their merit. In a judgment entry dated May 7, 2002, Judge Bruening determined the magistrate erred in dividing the parties' assets and liabilities. Judge Bruening further concluded:
 {¶ 3} "Since the property division must occur prior to the determination of spousal support, and given that the court cannot determine if the property division of the Magistrate comports with the statute, we need not at this time address the objection to the recommended spousal support order."
 {¶ 4} On September 30, 2002, Magistrate Adelman conducted an additional evidentiary hearing. In his November 13, 2002 supplemental decision, the magistrate re-divided the parties' assets but made the following competing findings regarding spousal support:
 {¶ 5} "In the Magistrate's Decision filed 3/13/02, the Magistrate * * * decided that there was no evidence to support an award of spousal support and he did not award the same to the wife. The wife objected to that decision, and that objection is still pending before the Judge ofthis court.
 {¶ 6} "Based upon the above, the Magistrate's Supplemental Decision is as follows:
 {¶ 7} "* * *
 {¶ 8} "That neither party shall pay spousal support to the other and this court shall not retain jurisdiction thereon." (Emphasis added).
 {¶ 9} No objections were filed by either party to the November 13, 2002 decision, and no transcripts were ever ordered.
 {¶ 10} On December 13, 2002, Judge Bruening adopted the Magistrate's Supplemental Decision and ordered: "By 12/23/02, counsel for the parties shall submit for review and signature a final judgment in conformity with the Magistrate's Decision [sic] filed 3/13/02 and 11/13/02." Neither party submitted a proposed judgment entry and, at the end of 2002, both Judge Bruening and Magistrate Adelman retired.
 {¶ 11} On February 18, 2003, Magistrate David J. Laughlin held a sua sponte hearing on "late or incorrect paperwork" pertaining to the case, viz., the failure of the Court to receive a final judgment in conformity with the magistrate's decisions filed March 13, 2002 and November 13, 2002. At the hearing, appellee's counsel indicated that she prepared a judgment entry but did not file the document because the competing provisions in the magistrate's November 13, 2002 decision suggested the issue of spousal support still required resolution. Appellant argued that appellee was barred from raising the issue of spousal support because she failed to file objections to the November 13, 2002 entry. In response, appellee contended that no objections were necessary because the November 13, 2002 decision left the litigants with a clear impression that the objections regarding the spousal support were to be automatically addressed by Judge Bruening. On March 11, 2003, the magistrate referred the issue to Judge Colleen Falkowski.
 {¶ 12} On July 17, 2003, the trial court held a hearing on the referred matter. The court recognized no objections were filed challenging the Magistrate's Supplemental Decision. However, the court determined appellee did not have to re-file an objection on the spousal support issue because it was never clearly and finally resolved. Citing the Supreme Court's recent decision Gordon v. Gordon, 98 Ohio St.3d 334,2003-Ohio-1069, the court concluded appellee's March 28, 2002 objection challenging the failure to award spousal support was a premature (yet nevertheless valid) objection to the magistrate's November 13, 2002 supplemental decision.
 {¶ 13} After concluding it possessed the necessary jurisdiction, the trial court considered the applicable factors under R.C. 3105.18 and awarded appellee $300 per month in spousal support for a period of four years. The judgment was entered on August 12, 2003.
 {¶ 14} On September 10, 2003, appellant filed a notice of appeal with this court which was dismissed at appellant's request for lack of a final appealable order. On February 17, 2003, the trial court entered a final judgment in this matter granting the parties a divorce. Appellant now appeals and assigns the following errors for our consideration:
 {¶ 15} "[1.] Whether the trial court abused its discretion and committed reversible error by vacating the order of the court which was issued on December 13, 2002.
 {¶ 16} "[2.] Whether the trial court abused its discretion and committed reversible error by modifying a preceding order of the court.
 {¶ 17} "[3.] Whether the court abused its discretion and committed reversible error when it issued its order granting spousal support to defendant."
 {¶ 18} As appellant's first and second assignments of error are analytically similar, we shall address them together. The thrust of appellant's argument under these mutual assignments can be stated accordingly: Appellee's failure to file objections to the magistrate's supplemental decision and the trial court's subsequent adoption of the same foreclosed any future challenge to the issues addressed in the decision. Because no objections were filed, the trial court lacked jurisdiction to revisit the issue of spousal support. Therefore, the trial court's August 12, 2003 judgment entry was an impermissible attempt to modify and/or vacate the December 13, 2002 order.
 {¶ 19} The December 13, 2002 judgment entry ordered the parties to prepare a judgment entry corresponding to the magistrate's decisions. This judgment entry, according to its own terms, was not final but inchoate; that is, it stood as a predicate order on which the anticipated final order would be based. No proposed entries were filed and thus no final order was entered. The proceedings commencing in 2003 had no necessary effect on the December 13, 2002 order; rather, the proceedings beginning in 2003 actually sought to salvage the substance of the December 13, 2002 order resolving the pending issues in conformity with the magistrate's findings.
 {¶ 20} Further, the issue of spousal support was not capable of resolution via reference to the magistrate's supplemental decision due to the competing provisions regarding spousal support. The directive embodied in the December 13, 2002 judgment entry failed to address and resolve the issue of spousal support. In this respect, the court's August 12, 2003 order of spousal support neither vacated nor modified any prior order.
 {¶ 21} Pursuant to Civ.R. 53(E)(4)(b), a trial court is required to rule on all objections to a magistrate's decision. This rule imposes a mandatory duty on the trial court to dispose of a litigant's objections lest the ultimate judgment be deemed not final and thus not appealable. See, McCown v. McCown (2001), 145 Ohio App.3d 170, 172. Here, the December 13, 2002 judgment entry adopted the magistrate's decisions; however, the magistrate's decisions are internally inconsistent on the issue of spousal support. That is, the magistrate recognized the trial court's reservation of jurisdiction on the matter of spousal support, but then concluded "neither party shall pay spousal support * * *." Without the trial court specifically resolving this matter, no order in this case would be final and appealable. Thus, the trial court was constrained to rule on this objection for purposes of closure. See, e.g., Muhlfelder v.Muhlfelder, 11th Dist. Nos. 2000-L-183 and 2000-L-184, 2002-Ohio-1166, at 1.
 {¶ 22} In our view, the trial court properly exercised jurisdiction over the matter. The objection regarding spousal support had not been resolved and required resolution to generate a final, appealable order in the case. While appellee did not file an objection to the magistrate's supplemental findings, we believe a new pleading was unnecessary because the issue had not been clearly explored by the magistrate and the court indicated in its May 7, 2002 judgment entry that it would broach the matter after the assets were properly divided. In its August 12, 2003 judgment entry, the trial court treated appellant's objection as "premature." While we do not think this unique characterization was necessary (because the court was required to rule on the objection and had not done so at that time), we nevertheless believe the trial court acted properly.
 {¶ 23} Appellant's first and second assignments of error are without merit.
 {¶ 24} In his final assignment of error, appellant contends the trial court abused its discretion when it granted appellee spousal support.
 {¶ 25} Having held the trial court properly exercised jurisdiction over the underlying matter, we now examine whether the trial court erred in awarding spousal support.
 {¶ 26} It is well-established that the trial court enjoys broad discretion in awarding spousal support. Jenkins v. Jenkins, 11th Dist. No. 2002-P-0121, 2004-Ohio-3332, at ¶ 42. However, in making an award of spousal support, R.C. 3105.18 requires the trial court to review the statutory factors in R.C. 3105.18(C)(1) and indicate the basis for awarding the support in sufficient detail to permit adequate appellate review. Id. at ¶ 46.
 {¶ 27} In the instant matter, the trial court engaged in the requisite analysis for an award of spousal support and concluded that appellee was entitled to $300 per month for four years. In its judgment entry, the trial court stated:
 {¶ 28} "5. In applying O.R.C. 3105.18 as to an award of spousal support, this judge has considered the statuory factors in subsection (C)(1) after a review of the property distribution herein. Factors (f)(j)(k) and (m) are not applicable herein.
 {¶ 29} "The parties had a marriage of 34 years duration. Wife has been employed since 1967. The parties have two adult children. Wife graduated from high school, husband attended high school through the 11th grade. At the date of trial, Wife was age 55 and Husband age 57.
 {¶ 30} "6. The property of the parties has been equitably apportioned including the sale of the marital residence. The income of the parties however is not equal. Wife received a bonus in 2001 of over $4,000. She did not receive a bonus the two previous years. In 2001, her gross income without the bonus was about $21,800.00.
 {¶ 31} "7. Husband grossed over $41,000.00 in 2001 and 2000 from two jobs. In 1999, he had only his primary job and grossed $32,900.00. Subsequent to the filing of the divorce, husband quit his second job.
 {¶ 32} "8. The parties standard of living allowed them to pay off their mortgage and have no credit card debt; they also have a savings account of over $34,000.00.
 {¶ 33} "9. It is appropriate therefore after consideration of factors (a)(b)(c)(d)(e)(g)(h) and (l) to award Wife spousal support in the sum of $300.00 per month for a period of four years. * * *."
 {¶ 34} The trial court complied with the requirements of R.C.3105.18(C)(1) and Stafinsky, supra, i.e., the judgment entry did not merely state the court considered the requisite factors, but contained "`some illumination of the facts and reasoning underlying the judgment.'"Herman v. Herman (Mar. 28, 1997), 11th Dist. No. 96-P-0194, 1997 Ohio App. LEXIS 1223, at 11, citing, Kaechele v. Kaechele (1988),35 Ohio St.3d 93. While all the facts concerning the Judge Falkowski's award were not apparent from the judgment entry, the prior decisions of the magistrate provide any additional evidence which would support her award. Thus, the trial court did not abuse its discretion or act against the manifest weight of the evidence in ordering spousal support. Appellant's final assignment of error lacks merit.
 {¶ 35} While we agree the trial court resolved the issues the best it could given the unique procedural and administrative circumstances presented, the instant holding shall be confined to this particular factual scenario. With this in mind, appellant's three assignments of error are overruled. We accordingly affirm the judgment of the Lake County Court of Common Pleas.
Ford, P.J., O'Toole, J., concur.
[1] "Cesari" is the correct spelling of the partiers' surname.
[2] Appellant points out, and we recognize, appellee's March 28, 2002 objections failed to comply with Civ.R. 53, to wit, the objections were filed late and without a transcript. The court was mindful of these infirmities but chose to address the merit of the objections noting: "The Magistrate filed his Decision 3/13/02. Wife filed objections to the same on 3/28/02. Objector/wife has not filed a transcript of the proceedings before the Magistrate and thus, the objections are limited in scope by Civil Rule 53." The court conducted an independent review of the magistrate's findings and referred the matter back to the magistrate to clarify certain issues surrounding the division of property. "Regardless of whether a transcript has been filed, the trial judge always has the authority to determine if the [magistrate's] findings of fact are sufficient to support the conclusions of law draw therefrom * * *." Hearnv. Broadwater (1995), 105 Ohio App.3d 586, 588. While the court did not have a transcript before it, it limited its examination of the magistrate's conclusions in light of the accompanying findings of fact. Hence, appellee's failure to provide a transcript was inconsequential for purposes of addressing her objection(s) because the trial court limited its order to the findings within the magistrate's March 13, 2002 decision.