[Cite as *Moore v. Moore*, 2011-Ohio-4238.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95967**

---

## TERESA MOORE

PLAINTIFF-APPELLEE

vs.

## KEITH MOORE

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas,
Domestic Relations Division
Case No. D-314329

**BEFORE:** Cooney, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 25, 2011

**ATTORNEY FOR APPELLANT**

Jaye M. Schlachet
55 Public Square
Suite 1600
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Janice Edgehouse Rieth
Ryan P. Nowlin
Schneider, Smeltz, Ranner & Lafond, P.L.L.
1111 Superior Avenue, Suite 1000
Cleveland, Ohio 44114


COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Keith Moore ("Keith"), appeals the trial court's judgment granting plaintiff-appellee, Teresa Moore's ("Teresa"), motions for relief from judgment, for attorney fees, and for application of escrow funds. We find no merit to the appeal and affirm.

{¶ 2} Teresa filed a complaint for divorce in January 2007. At the time of filing, the parties had one minor child and one adult child. They also owned real estate located on Meadowhill Lane in Moreland Hills, Sutton Road in Shaker Heights, Milverton Road in Shaker Heights, East Boulevard in Cleveland, Parkview Avenue in Cleveland, and East 139th Street in Garfield Heights. In December 2007, the parties entered into an agreed

judgment entry that required that all of the real estate be listed for sale during the pending divorce proceedings.

{¶ 3} Keith lived at the parties' former marital home on Meadowhill Lane (the "Meadowhill property"). When Teresa moved out of the house in January 2007, there was no mortgage on the property. Pursuant to the agreed judgment entry, Keith was to keep a lockbox on the property so that a realtor could show the property to prospective buyers. Keith also agreed to clean up certain areas around the front entrance of the house, the master bedroom, the garage, and the laundry room.

{¶ 4} Keith paid the utilities for the house, but not the real estate taxes. As a result, by the time the case was ready for trial in May 2008, the property was in foreclosure because of the delinquent property taxes. The parties filed several motions to show cause accusing each other of failing to manage and sell their properties. As a result of mutual allegations of financial misconduct and several motions to show cause, the court appointed a receiver to take possession of the properties and to take any necessary action to protect and preserve the marital assets.

{¶ 5} In May 2008, the parties reached an agreement settling their divorce. Teresa's lawyer, Janice Rieth ("Rieth"), typed the settlement agreement, which was approved and journalized by the court on May 28,

2008. The settlement agreement provided that after the sale of the real estate, all of the net proceeds, after payment of real estate commissions, closing costs, tax liens or outstanding real estate taxes and mortgages, were to be deposited into a joint escrow account. Any proceeds remaining in escrow after all expenses had been paid, were to be divided equally between the parties. The journal entry ("JE") of divorce also equally divided the parties' investment accounts, bank accounts, and debts.

{¶ 6} On June 20, 2008, less than one month after the divorce decree, Keith filed a motion to show cause alleging that Teresa failed to comply with the terms of the May 28, 2008 JE of divorce. In his affidavit supporting the motion, Keith stated:

> "¶4 of the agreement, incorporated into the judgment entry of divorce, provided that certain marital accounts under the control of Plaintiff were to be equally divided as of May 31, 2008. Despite a direct agreement and court order, Plaintiff has refused to produce the statements as required and has refused to equally divide the accounts."

{¶ 7} In July 2008, Teresa filed a motion to correct judgment entry nunc pro tunc or to vacate judgment entry and a motion for attorney fees. In the motion, Teresa asked the court to change the date on which the parties' accounts were to be divided from May 31, 2007 to May 31, 2008. Despite having acknowledged the May 31, 2008 date in his affidavit, Keith opposed the motion, arguing that the court did not have jurisdiction to rule on her

motion because Teresa had not expressly mentioned Civ.R. 60(B) in the motion and because a Civ.R. 60(B) motion is not a substitute for an appeal.

{¶ 8} In the motion for attorney fees, Teresa sought reimbursement of fees she incurred: (1) in prosecuting a motion to evict Keith from the Meadowhill property, (2) in litigation related to the sale of the Meadowhill property, and (3) in prosecuting the motion to correct the May 28, 2008 JE of divorce. The court granted the motion, in part, awarding $11,069.00 in attorney fees.

{¶ 9} Finally, Teresa filed a motion to determine application of escrow funds. After the divorce was finalized, Teresa sought additional funds from the escrow account to cover the expenses she incurred as a result of complying with housing court orders to maintain the parties' properties and for additional future expenses. The court granted the motion, which Keith had opposed, and identified a list of expenses to be paid from the escrow funds.

{¶ 10} Keith now appeals, raising three assignments of error.

## Motion to Correct Judgment Entry

{¶ 11} In the first assignment of error, Keith argues the trial court erred in granting Teresa's motion to correct the judgment entry nunc pro tunc or, in the alternative, for relief from judgment. He contends the court should have denied the motion because Teresa never appealed the judgment, did not expressly cite Civ.R. 60(B) in her motion, and because Civ.R. 60(B) is not a substitute for an appeal.

{¶ 12} A motion for relief from judgment pursuant to Civ.R. 60(B) and a notice of appeal from a judgment are not the same remedies, and a party cannot use Civ.R. 60(B) relief as a substitute for a timely appeal. *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686, 433 N.E.2d 612; *Doe v. Trumbull Cty. Children Servs. Bd.* (1986), 28 Ohio St.3d 128, 502 N.E.2d 605, paragraph two of the syllabus. In *Blasco*, the Ohio Supreme Court held that where the movant's "contentions merely challenge the correctness of the court's decision on the merits and could have been raised on appeal," they may not be asserted in a motion for relief from judgment. Id. Relief sought pursuant to Civ.R. 60(B), on the other hand, may only be provided if the movant demonstrates she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), which allow relief for reasons other than challenging the propriety of the court's judgment. *GTE Automatic Elec., Inc. v.*

*ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Thus, it must first be determined whether Teresa properly filed a motion for relief from judgment or whether she should have appealed the court's judgment.

{¶ 13} Teresa filed her motion to correct the judgment on July 25, 2008. At that time, the trial court had not yet resolved the issue of child support for the parties' minor child. Civ.R. 75(F) prohibits a trial court from entering a final judgment unless the judgment allocates parental rights and responsibilities, including the payment of child support. Civ.R. 75(F); *Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, ¶15. Although the parties' settlement agreement specifically stated that the court was to determine child support, the trial court did not issue a final child support order until January 16, 2009, almost six months after Teresa filed her motion to correct the judgment. Therefore, because the May 28, 2008 JE of divorce was not a final, appealable order, a motion to correct a judgment pursuant to Civ.R. 60(A) or (B) was the appropriate vehicle for obtaining the desired relief.

{¶ 14} Keith argues that Teresa's motion to correct the judgment should have been denied because she did not expressly cite Civ.R. 60(B) as the authority for her motion. However, Keith does not cite any authority requiring the moving party to actually mention Civ.R. 60(B) in a motion for relief from judgment. To dismiss the motion simply because it did not mention the "magic words" of a rule would elevate form over substance and

contravene the mandate contained in Civ.R. 1(B) that requires the Civil Rules be applied "to effect just results." Commenting on this rule, the Ohio Supreme Court has said that "[t]he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." *Peterson v. Teodisio* (1973), 34 Ohio St. 2d 161, 175, 297 N.E.2d 113. See, also, *Gordon v. Gordon*, 98 Ohio St.3d 334, 2003-Ohio-1069, 784 N.E.2d 1175, ¶13. Therefore, Teresa's failure to cite the rule was not fatal to her motion.

{¶ 15} To prevail on a Civ.R. 60(B) motion, the moving party must establish three requirements: (1) that the party has a meritorious defense or claim to present if relief is granted; (2) that the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE* at paragraph two of the syllabus.

{¶ 16} Civ.R. 60(A), which governs nunc pro tunc judgments, provides that "[c]lerical mistakes in judgments * * * and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders.* * * ."

{¶ 17} The purpose of a nunc pro tunc order is to correct the record to reflect what the court actually decided and may not be used to change a prior judgment unless the earlier entry did not accurately reflect the court's action. *Dentsply Internatl., Inc. v. Kostas* (1985), 26 Ohio App.3d 116, 498 N.E.2d 1079, paragraphs one and two of the syllabus. Nunc pro tunc

orders are used to supply information that existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors.   Id.

{¶ 18} Teresa argued that the JE of divorce should be changed or vacated to correct a mistake.   Mistake is a valid ground for relief under Civ.R. 60(B)(1).   Teresa asked the court to change the date in paragraph 4 of the parties' settlement agreement, which was incorporated into the JE of divorce, to reflect that the parties' accounts would be divided as of May 31, 2008 instead of May 31, 2007.   Teresa filed the motion on July 24, 2008, less than two months after the JE of divorce was journalized.

{¶ 19} In an affidavit supporting the motion, Attorney Rieth stated that she "inadvertently typed that the accounts would be divided as of May 31, 2007, rather than 2008."   She also stated that she discovered the mistake when Teresa provided her copies of the May 31, 2008 statements and a check for Keith's share of each account.   After failing to resolve the issue with a stipulated nunc pro tunc order, Rieth promptly filed the motion.   On the face of the motion, which was timely filed, Teresa demonstrated a meritorious claim for relief under Civ.R. 60(B)(1).

{¶ 20} At the hearing on the motion, Rieth testified that she was in a hurry when she typed the settlement agreement and inadvertently substituted May 31, 2007 for May 31, 2008.   She also introduced her notes from May 27, 2008, the day the parties negotiated the settlement, which indicated that the parties had values for two of the accounts as of March

2008 and a value for a third account as of April 2008. This suggests that the parties intended and were planning to divide the accounts as of May 31, 2008. There would be no reason to compile the accounts in the spring of 2008 if the parties had intended to divide the accounts as of May 31, 2007.

{¶ 21} Furthermore, the parties already had specific values for the accounts as of May 31, 2007 and, thus, could have specified the balances in the settlement agreement if that was their intention. It was only because they did not have the current account balances for all the accounts as of a consistent date at the time of trial that they decided to obtain the statements for a certain date in the near future, May 31, 2008. Moreover, Keith admitted in his affidavit in support of his motion to show cause that the accounts were to be divided as of May 31, 2008. Keith's claim that the parties intended to divide the marital accounts as of May 31, 2007 is not credible under the facts of this case. The evidence adduced at the hearing supported the court's conclusion that the JE of divorce should be changed to reflect the parties' intentions at the time they entered into the settlement agreement.

{¶ 22} Accordingly, the first assignment of error is overruled.

### Attorney Fees

{¶ 23} In his second assignment of error, Keith argues the trial court abused its discretion when it awarded Teresa partial reimbursement for her attorney fees. The trial court determined that Teresa was entitled to attorney fees incurred as a result of litigation over

the sale of the Meadowhill property and for her effort to obtain a nunc pro tunc order or vacate the May 28, 2008 JE. Teresa's other requests for attorney fees on unrelated issues were denied.

{¶ 24} Keith contends Teresa is not entitled to attorney fees for her motion to correct the JE nunc pro tunc because it was due to her attorney's error and he should not have to pay for her mistake. He also argues that he did not agree that the May 28, 2008 JE of divorce should be vacated and that litigation over the sale of the Meadowhill property was unnecessary.

{¶ 25} Our review of attorney fee awards is limited to determining (1) whether the factual considerations upon which the award was based are supported by the manifest weight of the evidence, or (2) whether the domestic relations court abused its discretion. *Gourash v. Gourash* (Sept. 1999), Cuyahoga App. Nos. 71882 and 73971, citing *Oatey v. Oatey* (1992), 83 Ohio App.3d 251, 614 N.E.2d 1054.

{¶ 26} R.C. 3105.73(A), which governs attorney fee awards in domestic relations cases, provides:

> "In an action for divorce * * * or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."

{¶ 27} The trial court's award of attorney fees was justified by Keith's conduct in both instances. In defiance of the express terms of the parties' June 12, 2007 agreed judgment entry and the May 28, 2008 JE of divorce, Keith thwarted Teresa's efforts to sell the Meadowhill property. He failed to make necessary repairs specified in the agreement to prepare the house for sale. Once the house was on the market, he refused to permit real estate agents to show the house to prospective buyers. When a buyer offered to buy the property for over 85% of the asking price, Keith refused to sign the purchase agreement even though the price was within the range stipulated in the parties' agreement. Teresa filed a motion to show cause and an emergency motion to authorize the sale of real estate to enforce the parties' agreement and to avoid losing the sale of the house.

{¶ 28} After the sale of the property, Keith refused to move out of the house, claiming he had no place to go and that he could not afford to rent a truck to move his belongings. On July 21, 2009, Teresa filed an emergency motion for an order evicting Keith from the premises. The court granted the motion and ordered Keith to move out of the house by August 4, 2009. In another motion to show cause filed on August 6, 2009, Teresa alleged that Keith had not vacated the Meadowhill property as of July 31, 2009, which was the closing date specified in the purchase agreement. Teresa later alleged that Keith still had not vacated the property on August 4, 2009, the court's deadline.

{¶ 29} Teresa believed court action was necessary to enforce the agreed judgments and to preserve marital assets. In light of Keith's attempts to undermine the sale of the Meadowhill property and to remain in the house after the property was sold, we cannot say the court abused its discretion in awarding attorney fees incurred in prosecuting that matter.

{¶ 30} Keith's conduct with regard to the nunc pro tunc entry also justified an award of attorney fees. Although Rieth made the mistake in the original settlement agreement, she attempted to correct the error with minimal expense by joint stipulation. Keith not only refused to stipulate to the mistake but attempted to use the mistake to renegotiate some financial aspects of the divorce. The balances of the parties' joint investment accounts were much higher on May 31, 2007 than on May 31, 2008 because Teresa used money in the accounts during the year to pay marital debts and monthly expenses related to the parties' properties. During that year, Keith did not contribute to payment of the marital debts or expenses. Consequently, a division of the accounts as of May 31, 2007 would have caused Teresa to be responsible for a substantially larger than equal share of the marital debt and expenses related to the parties' properties.

{¶ 31} Because Keith contested the motion, Teresa was forced to prove that the change she sought the court to make in the JE of divorce was merely a correction of a typographical error. Her lawyer was forced to file a motion to correct the judgment entry and prosecute the motion at a hearing in open court. These actions took time for which Rieth charged Teresa

fees. Since Keith could have easily prevented the time and expense incurred in prosecuting the motion by stipulating to the obvious clerical error, and because his arguments in opposition to the motion were not credible, it was reasonable for the court to hold him accountable for the expense he unnecessarily caused Teresa to incur.

{¶ 32} In determining the amount of reasonable attorney fees, the court considered whether all of the legal services were necessary and the amount of time expended on those services. Counsel's hourly rates for law partners and associates were commensurate with the customary fees in this locality, and Keith never challenged the hourly rates. Therefore, we find that the award of attorney fees was supported by competent, credible evidence and was not an abuse of discretion.

{¶ 33} Accordingly, the second assignment of error is overruled.

Application of Escrow Funds

{¶ 34} In the third assignment of error, Keith argues the trial court erred in granting Teresa's motion to determine application of escrow funds because the court's application of the escrow funds awarded Teresa a larger than equal share of the marital assets. Keith contends the court's order allowed Teresa to keep money she obtained from refinancing two of the parties' properties without accounting for where the money was spent while depriving him of his share of money. Keith claims he should have been awarded all the net proceeds of the

sale of the Meadowhill property while Teresa should pay any and all expenses related to the rental properties to compensate him for his share of the "missing" refinancing proceeds.

{¶ 35} However, the refinancing occurred in December 2006, prior to the parties' separation and divorce. Although Keith claimed at the hearing on the motion that he was unaware of the refinancing, he was present when the houses were appraised. Further, Attorney Rieth testified that she presented an accounting to Keith's counsel during the settlement negotiations prior to the divorce decree that showed how the refinancing proceeds were used. If he thought the accounting was inaccurate, he could have challenged it before the divorce was finalized. The trial court concluded that Keith's claim of ignorance about the refinancing and accounting of alleged missing assets was less than credible. We defer to the trial court on matters of credibility. *Season Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273.

{¶ 36} Moreover, the parties' settlement agreement, which was incorporated into the court's JE of divorce, specifically provided for an equal distribution of proceeds from the sale of all properties, *after* all expenses, including repair costs to correct code violations and back taxes, had been paid. It was anticipated that the parties' home and the East Boulevard property would require demolition, which could cost as much as $50,000. Although the estimate was speculative, the parties' agreement required the proceeds from the sales be held in escrow until all expenses incurred in bringing the properties up to code are paid in full.

{¶ 37} In determining the application of escrow funds, the court enumerated a list of expenses from the parties' properties. The expenses included real estate taxes, tax services, a water bill, lawn care, fencing, and demolition. Because all these expenses must be paid from the escrow funds under the parties' agreement, we find no abuse of discretion in granting this application of escrow funds.

{¶ 38} Accordingly, the third assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
LARRY A. JONES, J., CONCUR