DENTSPLY INTERNATIONAL, INC. *v.* KOSTAS, APPELLANT; RUSSO, APPELLEE, ET AL.

(No. 48767—Decided July 22, 1985.)

*Philip H. Georgeadis,* for appellant.
*Richard Zuckerman,* for appellee.

PRYATEL, J. John Kostas, D.D.S., defendant-appellant, challenges the trial court's granting of a Civ. R. 60(A) motion filed by defendant-appellee, Ignatius Russo, D.D.S., to correct a clerical error in the court's May 19, 1982 judgment entry.

Kostas and Russo were (two of four) shareholders in a professional dental corporation known as Drs. Kostas, Lonardo, Fuedo & Russo, Inc. On March 28, 1972, the four shareholders of the corporation, individually, on behalf of their dental corporation, guaranteed a

security agreement for the purchase of dental equipment from Joseph-Stipher, Inc. On March 31, 1972, Joseph-Stipher, Inc. assigned its interest in the security agreement to Dentsply International, Inc. (hereinafter referred to as "Dentsply"), plaintiff.

On September 7, 1972, Russo withdrew from the corporation and entered into a "Hold Harmless and Indemnification Agreement" with Drs. Kostas, Lonardo and Fuedo. As consideration for the redemption of his (Russo's) shares of stock in the corporation, Drs. Kostas, Lonardo and Fuedo agreed to indemnify ·and hold Russo harmless from the liabilities incurred by the corporation, including the money owed to Dentsply.

On August 1, 1978, Kostas also withdrew from the corporation and entered into a similar "Hold Harmless and Indemnification Agreement" with Drs. Lonardo and Fuedo — the remaining shareholders.

On February 24, 1981, pursuant to the terms of the security agreement for the purchase of dental equipment, Dentsply filed a complaint against the four individual dentists and the dental corporation for failure to pay the balance due. Both Russo and Kostas filed separate answers and cross-claims. Russo's cross-claim, which was based on the 1972 indemnification agreement, was directed against *Kostas,* Lonardo and Fuedo, individually, and against the corporation. Kostas similarly sought indemnification from Lonardo, Fuedo and *Russo,* individually, pursuant to the agreement entered into in 1978.[1]

On May 19, 1982, the trial court ruled in favor of Dentsply against the four defendants individually and the corporation. The judgment entry was prepared by Dentsply's attorney and signed by him and attorneys for Lonardo, Fuedo and Kostas (but not Russo).

At the same time the trial court granted Russo and Kostas' cross-claims and *entered judgment for each against defendants Lonardo, Fuedo* and the dental corporation.

Thereupon, Russo filed a Civ. R. 60(A) motion to "correct" the judgment entry to include Kostas amongst those defendants liable to him (Russo) on his cross-claim based on his (Russo's) 1972 indemnification agreement. The trial court granted Russo's motion, which rendered Kostas liable to Russo (in addition to Lonardo and Fuedo).

Kostas filed the instant appeal, assigning one error.

Assignment of Error No. I

"I. The trial court erred in granting defendant-appellee Russo's motion to correct clerical error in the judgment entry of May 17 [*sic*], 1982, pursuant to Civil Rule 60(A).

"A. Defendant-appellee Russo has failed to comply with the necessary requirements for relief from judgment, pursuant to Ohio law and Civil Rule 60(A).

"B. Granting defendant-appellee Russo's motion for correction of clerical mistake pursuant to Civil Rule 60(A) constitutes an abuse of the trial court's discretion."

The threshold issue revolves around the omission of Kostas'· name from the May 19, 1982[2] judgment entry (on the cross-claim of Russo). Was it a clerical error due to inadvertence or was it intentionally excluded?

---

[1] The 1978 agreement was between Kostas, Lonardo and Fuedo only. Since Russo had no intérest in the corporation after 1972, Russo was not a party to the 1978 agreement, as Kostas alleged in his cross-claim. Hence, the trial court properly excluded Russo from liability on Kostas' cross-claim.

[2] The challenged judgment entry was dated May 19, 1982 as opposed to May 17, 1982 as appellant states.

Appellant Kostas maintains that the omission of his name from the list of parties liable to Russo on his cross-claim was the result of negotiations among the parties and was intentionally stipulated to by the attorneys of record (other than appellee Russo's attorney). Hence, appellant asserts that the failure to include his (Kostas') name was deliberate and not due to inadvertence. Appellant further maintains that the trial court's order which granted appellee's motion "to correct" constituted a substantive change to the May 19, 1982 judgment and was therefore erroneously granted on a *nunc pro tunc* basis.

It is axiomatic that a court has the power to correct a clerical error pursuant to Civ. R. 60(A).[3] However, this rule is applied to *inadvertent* clerical errors only, *Cale Products, Inc.* v. *Orrville Bronze & Alum. Co.* (1982), 8 Ohio App. 3d 375, 378, fn. 1, and cannot be used to change something which was deliberately done, *Security Mut. Cas. Co.* v. *Century Cas. Co.* (C.A. 10, 1980), 621 F. 2d 1062, 1065.

A "clerical mistake" has been defined as follows:

"* * * The term 'clerical mistake' does not mean that it must be made by a clerk. The phrase merely describes the type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others. *It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney. * * *"* (Emphasis added.) *In re Merry Queen Transfer Corp.* (E.D.N.Y. 1967), 266 F. Supp. 605, 607.

In the instant case, the trial court was justified in correcting its May 19, 1982 judgment entry. Russo's 1972 indemnification agreement expressly provided that *Kostas* (as well as Lonardo and Fuedo) would indemnify Russo for any losses incurred in connection with the purchase of dental equipment from Dentsply. The fact that attorneys representing Kostas, Lonardo, Fuedo and Dentsply signed a "stipulated" judgment entry which omitted Kostas' name from Russo's cross-claim can not deprive Russo of his right to indemnification from Kostas pursuant to the 1972 agreement. Russo was neither a party to the "agreement" nor was he a signatory to the "agreed" judgment entry.

Hence, we conclude that the original exclusion by the court of Kostas' name from those parties liable to Russo on his (Russo's) cross-claim was a clerical error, *i.e.,* mechanical in nature "arising from oversight or omission."

Consequently, the trial court acted within its power in ordering *nunc pro tunc* the original judgment entry to include Kostas' name; the *nunc pro tunc* entry does not reflect a modification of an erroneous judgment but rather supplies omissions of a clerical nature which serve to have the record speak the truth. *Ruby* v. *Wolf* (1931), 39 Ohio App. 144, 146-147; *Webb* v. *Western Reserve Bond & Share Co.* (1926), 115 Ohio St. 247, 257.

Appellant argues in the alternative that the alleged "error" complained of was essentially a "mistake" by the attorney who drafted the original judgment entry and that appellee's only possible recourse was pursuant to Civ. R. 60(B)(1).[4] Appellant further maintains that the trial court abused its

---

[3] Civ. R. 60(A) provides in pertinent part:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *"

[4] This section reads, in pertinent part:

"On motion and upon such terms as are

discretion by failing to hold a hearing to resolve this matter.

Since appellee filed a motion pursuant to Civ. R. 60(A) rather than 60(B)(1), the fact that appellee *may* have also had recourse under Civ. R. 60(B)(1) does not affect our prior determination that the trial court correctly characterized the omission of appellant's name as a clerical error. Hence, as appellee points out, Civ. R. 60(B)(1) has no applicability to the instant case since appellee's motion was made and ruled on pursuant to Civ. R. 60(A).

For the foregoing reasons, we affirm the trial court's judgment.

*Judgment affirmed.*

PARRINO, C.J., and ANN McMANAMON, J., concur.

---

just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *"