OPINION
Defendant-appellant Margaret Zolman appeals the July 29, 1998 Judgment Entry, the December 30, 1998 Findings of Fact, and the December 30, 1998 Judgment Entry — 60(A) entered by the Morrow County Court of Common Pleas, ruling plaintiff-appellee Charles Zolman's spousal support obligation terminated on February 1, 1998.
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on May 9, 1981, in Toledo, Ohio. No children were born as issue of said union. On October 26, 1992, husband filed a Complaint in Divorce in the Morrow County Court of Common Pleas. The referee issued temporary orders via Journal Entry dated November 30, 1992. The matter came on for final hearing before the referee on January 20, 1994. In the Report of Referee filed April 5, 1994, the referee recommended: 13. Husband shall pay spousal support in the amount of $2,000.00 per month for four years, effective February 1, 1994. All arrearages occurring from February 1, 1994 through the final decree shall be considered an arrearage and paid in accordance with paragraph #11.
Report of Referee at 21.
Husband filed timely Objections to Report of the Referee. Although husband ordered a copy of the transcript of the January 20, 1994 hearing and requested the trial court defer ruling on his objections until the transcript could be filed, the trial court issued a Journal Entry filed May 27, 1994, overruling husband's objections and incorporating the Report of Referee in its entirety. The trial court noted husband's failure to file a transcript. Upon receipt of the transcript from the court reporter, husband filed a Motion for a New Trial. The trial court scheduled a hearing on the motion for July 1, 1994. By Agreed Entry dated July 22, 1994, the trial court set aside and held for naught the Judgment Entry/Decree of Divorce filed May 27, 1994. The trial court permitted the parties to file supplemental briefs in support of and in opposition to husband's objections. On October 5, 1994, the trial court filed an Agreed Entry identical to the Agreed Entry filed July 22, 1994. Via Decision dated December 14, 1994, the trial court ruled on husband's objections and wife's memorandum in opposition thereto. With respect to spousal support, husband objected to the amount of the award as well as the referee's failure to include terminating events, such as the remarriage of wife, the death of either party, or the cohabitation of wife with an unrelated adult male. The trial court agreed with the latter portion of husband's objection, but disagreed with husband's assertion the award placed an undue financial burden upon him. The trial court ordered: 13. Husband shall pay spousal support in the amount of $2,000.00 per month for four years; [sic] Wife cohabitates with an unrelated adult; or either party dies, whichever occurs first.
Husband filed a timely notice of appeal of the Decision to this Court, challenging the amount and duration of the spousal support award. Via Opinion and Judgment Entry dated August 7, 1995, this Court overruled husband's assignments of error and affirmed the trial court's December 14, 1994 Decision. On September 20, 1995, wife filed a Motion in Contempt, asserting husband failed to pay arrearages in the amount of $48,661.94, which includes $29,739.00 in spousal support, as determined at a May 26, 1995 hearing before the referee. Wife further maintained husband was in arrears in his spousal support obligation for June, July, August, and September, 1995, in the amount of $6,500. Via Judgment Entry dated November 29, 1995, the trial court found husband in contempt and granted wife judgment in the amount of $29,834.60, reflecting husband's spousal support arrearages through October, 1995. The trial court specifically found: * * * in accordance with the final Order of the Court, [husband] also owes spousal support of $2,000 per month pursuant to Item 13 of the original Judgment Entry.
November 29, 1995 Judgment Entry at paragraph 2. On March 30, 1998, wife filed a Motion in Contempt, alleging husband failed to comply with the spousal support order as set forth in the December 14, 1994 Decision. The matter came on for hearing before the magistrate on June 9, 1998. The ultimate issue became a determination of the effective date of the spousal support award. The magistrate determined December 14, 1994, the date on which the trial court issued its Decision, to be effective date of the spousal support order, and not February 1, 1994, the date set forth in the referee's original report, as husband asserted. Husband and wife filed timely objections to the Magistrate's Proposed Decision. Via Judgment Entry dated July 29, 1998, the trial court sustained husband's objection to the magistrate's decision, and ordered husband's spousal support obligation terminated as of February 1, 1998. Wife requested written findings of fact and conclusions of law, which the trial court issued on December 30, 1998. Also on December 30, 1998, the trial court filed a Judgment Entry-60(A), correcting its July 29, 1998 Judgment Entry to reflect its failure to order husband pay wife $150.00, representing the remaining amount due under the spousal support award. It is from the December 30, 1998 Findings of Fact, the December 30, 1998 Judgment Entry — 60(A), and the July 29, 1998 Judgment Entry wife appeals, raising as her sole assignment of error:
THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT RULED THAT HUSBAND'S SPOUSAL SUPPORT OBLIGATION IN THE SUM OF $2,000.00 PER MONTH FOR A PERIOD OF FOUR YEARS IMPOSED BY THE JUDGMENT ENTRY DECREE OF DIVORCE JOURNALIZED 12/14/94 TERMINATED AND EXPIRED ON FEBRUARY 01, 1998, A PERIOD OF TIME 10 1/2 MONTHS LESS THAN FOUR YEARS FROM 12/14/94.
Herein, wife maintains the trial court erred in ruling husband's spousal support obligation terminated and expired on February 1, 1998. Specifically, wife argues because the trial court did not include a specific reference to an effective date for the spousal support award in the December 14, 1994 Decision, the trial court intended the effective date to be the date of the journalization of that decision pursuant to Civ.R. 58.
Civ.R. 60(A) provides: Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *
Pursuant to Civ.R. 60(A), a trial court has the power to correct a clerical error. However, the rule applies only to inadvertent clerical errors, and cannot be used to change something deliberately done by the trial court. Dentsply Int'l, Inc. v. Kostas (1985), 26 Ohio App.3d 116, 118 (Citations omitted). Clerical mistakes which can be corrected under Civ.R. 60(A) consists of "blunders in execution". Kuehn v. Kuehn (1988),55 Ohio App.3d 245, para. 3 of syllabus. Although the issue of whether the absence of a specific reference to an effective date was "deliberately done" or was an "inadvertent clerical error" by the trial court was not raised formally in a request for relief under Civ.R. 60(A), when wife filed a Motion in Contempt on March 30, 1998, alleging husband was in contempt for failing to make spousal support payments after February 2, 1998, as required by the December 14, 1994 Decision, the magistrate's hearing necessarily addressed the issue. In other words, the practical effect of wife's filing the March 30, 1998 Motion in Contempt was to raise the issue. The contempt motion also provided the parties with sufficient notice. Via Judgment Entry dated July 29, 1998, the trial court ordered husband's spousal support obligation terminated as of February 1, 1998. Upon wife's request, the trial court issued Findings of Fact in which the trial court stated: The undersigned issued a decree of divorce December 14, 1994. At that time the undersigned overruled objections filed by [husband] and adopted the decision of the Referee. There was no question that the Referee made the effective date of the spousal support award February 1, 1994. Although the [d]ecree of divorce did not contain a reference to the effective date of the spousal support award it was the intention of the undersigned that the effective date of the award was February 1, 1994, thereby causing termination of the spousal support award on February 1, 1998.
December 30, 1998 Findings of Fact.
Upon review of the entire record of this matter, we find the trial court acted within its authority under Civ.R. 60(A) when it entered its July 29, 1998 Judgment Entry, ordering husband's spousal support obligation terminated on February 1, 1998, and when it issued the December 30, 1998 Findings of Fact, stating its intentions relative to the effective date when it entered the December 14, 1994 Decision. Given the trial court's statement as to its intention the effective date of the award be February 1, 1994, we find the court's failure to include a reference to the effective date in the December 14, 1994 Decision to be a "blunder in execution". We also find a comparison of the December 14, 1994 Decision to the April 5, 1994 Report of Referee supports the trial court's statement of intent. In the December 14, 1994 Decision, the trial court addressed each of husband's objections and arguments relative thereto, then noted which aspects of the referee's report would be modified. In setting forth its orders, the trial court rewrote verbatim the referee's recommendations with the modifications as previously discussed. However, in rewriting the spousal support provision, the trial court omitted a specific reference to an effective date and omitted numerous words in the drafting of the terminating events language. The only changes in the language of the trial court's orders in the December 14, 1994 Decision compared to the language of the recommendations in the report of the referee were expressly discussed in the Decision. Thus, the record supports the trial court's statement of intent and the finding the omission was a "blunder in execution" of the spousal support provision and is a clerical error which can be corrected pursuant to Civ.R. 60(A). We note our findings herein are limited to the unique circumstances of this case. First, the trial court judge who determined the issue of the effective date of the spousal support provision was the same trial court judge who issued the original decision containing the provision. Additionally, the trial court explicitly stated its intentions in the December 30, 1998 Findings of Fact. Based upon the foregoing, we find the trial court did not abuse its discretion in correcting the clerical error in the December 14, 1994 Decision. We further find the trial court did not err in determining February 1, 1994, to be the effective date of the spousal support award. Wife's sole assignment of error is overruled. The judgment of the Morrow County Court of Common Pleas is affirmed. By: Hoffman, J. Edwards, J., concurs. Wise, P.J., dissents.