DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Krystal A. Kramer, appeals from the order of the Lorain County Court of Common Pleas denying her Civ.R. 60(A) motion for relief from judgment on the issue of when post judgment interest on the prejudgment interest award began to accrue. We affirm.
On January 7, 1992, Appellant filed a complaint against Appellee, Union Eye Care Center, Inc., alleging malpractice by Dr. Antochow, an optometrist. The cause of action arose out of an act of negligence by Dr. Antochow that occurred on August 11, 1986. On October 8, 1996, following a trial by jury, Appellant was awarded $300,000.00. On October 9, 1996, Appellant moved the court for prejudgment interest. A hearing was conducted on this matter on June 30, 1998.
On July 9, 1998, the court ruled that pursuant to R.C.1343.03, Appellant was entitled to prejudgment interest on the judgment at the rate of 10% per annum from August 11, 1986, until the date of the verdict, October 8, 1996. The court further ordered that post judgment interest shall run from the date of the journal entry, July 9, 1998, until the date that the judgment has been satisfied.
Appellant did not appeal the court's order regarding interest. Rather, believing the starting date for post judgment interest to be a clerical error in the judgment, Appellant filed a Civ.R. 60(A) motion seeking relief from judgment on July 14, 1998. Appellant requested that the court order that the post judgment interest begin to accrue on the date of the jury verdict and not on the date of the court's journal entry. On August 18, 1998, the court denied Appellant's motion holding that the original journal entry accurately reflected the court's decision. The court explained that it would be patently unfair to require Appellee to pay post judgment interest for the period of time the motion for prejudgment interest was pending because Appellee had no control over the court's docket or the time line upon which the motion was considered. Appellant timely appealed the court's ruling and raised one assignment of error for review.
While Appellant has appealed the denial of a Civ.R. 60(A) motion, she has appeared to argue that the trial court erred substantively by improperly limiting the time when post judgment interest was to accrue.
Pursuant to Civ.R. 60(A):
 Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
This rule is applied to inadvertent clerical errors, and cannot be used to add language which was deliberately excluded from a judgment. Dentsply International, Inc. v. Kostas (1985),26 Ohio App.3d 116, paragraph one of the syllabus. Furthermore, Civ.R. 60(A) does not authorize "changing something that was deliberately done." Londrico v. Delores C. Knowlton, Inc.
(1993), 88 Ohio App.3d 282, 285. This rule is meant to correct the "type of mistake or omission mechanical in nature which is apparent from the record and which does not involve a legal decision or judgment[.]". Dentsply,26 Ohio App.3d 116, paragraph two of the syllabus.
As the court intended to have post judgment interest accrue only from the date specified, there was not a clerical error in the judgment. Substantive changes in final orders, such as the change in controversy, are beyond the scope of the "clerical mistakes" contemplated in Civ. R. 60 (A). See Musca v. ChagrinFalls (1981), 3 Ohio App.3d 192, 194. Furthermore, in light of the court's intentions, a change in the dates would have required a legal analysis of the appropriate starting point for post judgment interest on a prejudgment interest award. Such analysis would have been inappropriate pursuant to a Civ.R. 60(A) motion. Therefore, the court properly denied Appellant's Civ.R. 60(A) motion for relief from judgment.
A party cannot use Civ.R. 60(A) as a substitute for an appeal of that judgment. Paris v. Georgetown Homes, Inc. (1996),113 Ohio App.3d 501. Appellant has attempted to argue that the court erred in its decision regarding prejudgment and post judgment interest by incorrectly setting the starting date upon which post judgment interest will accrue. Appellant did not appeal the court's order regarding prejudgment and post judgment interest. Therefore, Appellant may not now attempt to use a Civ.R. 60(A) motion to raise these issues.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 LYNN C. SLABY FOR THE COURT BAIRD, P.J.
BATCHELDER, J.
CONCUR