JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
In this accelerated appeal, defendant-appellant Don Casserlie, d.b.a. York and Sprague Shell, appeals from the judgment of the Parma Municipal Court in which the trial court dismissed the underlying action without prejudice. The dismissal was accomplished through a nunc pro tunc entry for the date January 5, 2001 which was journalized on May 16, 2001. For the following reasons, we affirm the decision of the trial court.
On November 14, 1998, plaintiff-appellee Janet M. Mekkar slipped and fell in the parking lot of the Shell service station owned by defendant. As a result of the fall, plaintiff suffered injuries and filed suit in the Parma Municipal Court alleging negligence against defendant. Plaintiff seeks recovery for her personal injuries and loss of work.
The case was scheduled for trial on December 13, 2000 before Magistrate John Sands. On the day of the scheduled trial, plaintiff failed to appear. Upon motion of the defendant, the case was dismissed. Magistrate Sand's decision was mailed to the parties that day. In that decision, the box was checked indicating that the case was dismissed "with prejudice." On January 5, 2001, the trial court adopted the magistrate's decision and dismissed the case with prejudice.
On April 24, 2001, the plaintiff filed a motion to vacate and/or modify judgment. Specifically, plaintiff moved the court to modify the dismissal entry from "with prejudice" to "without prejudice." In support of her motion, plaintiff attached an affidavit in which she stated that the same case had been filed in the Cuyahoga County Court of Common Pleas and that she thought the municipal case would only be dismissed without prejudice pursuant to Rule 41(B).
On May 2, 2001, the trial court granted plaintiff's motion and modified the judgment, nunc pro tunc, to a dismissal without prejudice. On May 9, 2001, defendant filed a motion for reconsideration or, in the alternative, motion for relief from judgment. On May 16, 2001, the trial court issued a journal entry overruling defendant's motion and adhering to its modification, nunc pro tunc, of the dismissal entry.
It is from the above order which allows the plaintiff to refile her complaint that the defendant now appeals and raises one assignment of error for our review. The plaintiff has not filed a brief in this case.
 I. THE TRIAL COURT ERRED IN "AMENDING" THE FINAL JUDGMENT ENTERED ON JANUARY 8, 2001, NUNC PRO TUNC. IT DID NOT HAVE ANY POWER OR JURISDICTION TO DO SO.
In this assignment of error, defendant argues that trial court erred in using a nunc pro tunc entry to modify the "with prejudice" final order to a "without prejudice" final order. We disagree.
Civ.R. 60(A) provides in pertinent part:
 Clerical mistakes in judgments, orders or other parts of the record and error therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders.
The power to correct clerical mistakes extends solely and exclusively to inadvertent clerical errors. Dentsply Internatl. Inc. v. Kostas
(1985), 26 Ohio App.3d 116, paragraph one of the syllabus. A "clerical mistake" is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney. Id., paragraph two of the syllabus.
Civ.R. 60(A) does not authorize substantive changes in orders, judgments or decrees. Musca v. Chagrin Falls (1981), 3 Ohio App.3d 192, paragraph one of the syllabus. It is not to be used as a vehicle for relitigating matters that have already been litigated and decided, to correct adjudicatory errors that were subject to appeal, or for changing that which was deliberately done. Hiles v. Hiles (Dec. 8, 1983), Cuyahoga App. No. 46253, unreported at 7. A nunc pro tunc entry made pursuant to Civ.R. 60(A) should not reflect a modification of an erroneous judgment but rather should supply omissions of a clerical nature which serve to have the record speak the truth. Dentsply, supra; Myers v. Shaker Hts. (June 7, 1990), Cuyahoga App. Nos. 57005 58056, unreported.
A trial court may properly use a nunc pro tunc order to correct a previously entered "with prejudice" final order to a "without prejudice" final order. Weinstock v. Yeshivath Adath B'Nai Israel (May 11, 1995), Cuyahoga App. No. 67413, unreported; Walker v. Reno Homes, Inc. (June 16, 1988), Cuyahoga App. No. 54077, unreported. However, since such a correction effects a substantive change in the underlying order, the trial court must offer an explanation or demonstrate on the record that the correction to dismissal "without prejudice" is permitted by Civ.R. 60(A). Ibid. See, also, Harshaw Chemical Company v. Hopkins (June 19, 1986), Cuyahoga App. Nos. 50822 51739, unreported; Vannett v. Vannett
(Oct. 9, 1987), Wood App. No. WD-87-13, unreported; Paris v. GeorgetownHomes, Inc. (1996), 113 Ohio App.3d 501, 504. Clerical errors in the form of dismissals will not be lightly presumed. Id. A determination of whether a dismissal with prejudice was a clerical error will be subject to review on a case-by-case basis. Id.
Here, the judge signed a judgment entry where she stated that she intended to make the dismissal one without prejudice. Specifically, the judge noted that: "Upon motion of the Defendant's counsel, the matter was dismissed without prejudice. This order was inadvertently adopted by the Court, containing the `with prejudice' language, on January 5, 2001." The judge also noted the following:
 Rule 41(B) of the Rules of Civil Procedure controls involuntary dismissals in Ohio. Rule 41(B)(1) permits a Court to dismiss an action when the Plaintiff fails to prosecute. Rule 41(B)(3) indicates that these dismissals are generally "on the merits" unless the Court notes otherwise. However, Rule 41(B)(1) makes it a prerequisite that "notice to the Plaintiff's counsel" be given prior to a dismissal with prejudice being granted. Further, the Ohio Supreme Court has made it clear that dismissal with prejudice is to be considered a very harsh and severe sanction which should be applied with extreme caution. Thomas v. Freeman, 79 Ohio St.3d 221 (1997).
 In the case sub judice, the Plaintiff had no counsel of record when she failed to appear at the trial. And, as the Defendant's counsel made an oral motion at trial to dismiss with prejudice, it is clear that the Plaintiff was not given the requisite notice mandated by Rule 41(B)(1). Moreover, it is a time-honored and long-standing procedure in this Court that dismissals for failure to prosecute are without prejudice.
Upon the facts of this case, defendant's assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., CONCURS. MICHAEL J. CORRIGAN, J., DISSENTS. (SEEDISSENTING OPINION ATTACHED).