JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Stryker Corporation ("Stryker") and Brett Baird ("Baird") (collectively "appellants"), appeal the trial court's denial of their motion to vacate judgment. For the reasons set forth below, we reverse and remand for proceedings consistent with this opinion.
 {¶ 2} On October 25, 2002, plaintiffs-appellees, Basil ("Basil") and Judith Zappola ("Zappola") (collectively "appellees"), filed a complaint against appellants asserting claims in product liability for defective manufacture, defective design and failure to warn, negligence, negligent preparation, negligent misrepresentation, and fraud. Appellees alleged that Zappola suffered injuries as a result of appellants' defective synthetic bone alternative which was used in a surgery performed on Zappola.
 {¶ 3} On December 31, 2003, appellees amended their complaint to include claims of medical malpractice against the doctor who performed the surgery on Zappola, Bhupinder Sawhny, M.D., and the professional organization in which Sawhny practices, Neurosurgical Associates, Inc. (collectively "Sawhny").
 {¶ 4} Sawhny sought leave to file cross-claims against appellants for indemnification and contribution on September 24, 2004. Soon thereafter, appellants' sought leave to file cross-claims against Sawhny for the same. The trial court granted the two parties leave.
 {¶ 5} On November 3, 2004, the trial of this matter commenced. On November 15, 2004, the jury returned a verdict for the appellees and concluded that all of the defendants were negligent. The jury awarded appellees $1.75 million. On appellants' cross-claims, the jury attributed 72.5% of the negligence to Sawhny and attributed 27.5% of the negligence to appellants. The trial court subsequently entered its judgment in an order dated November 16, 2004 that stated:
 {¶ 6} "Based upon the verdict of the jury duly impaneled in this action, judgment is hereby entered in favor of the Plaintiffs and against the Defendants jointly and severally in the amount of one million seven hundred and fifty thousand dollars ($1,750,000.00) plus costs, and interest as may be allowed by law. Upon the cross claims between the Defendants,and solely as between the Defendants, liability shall beapportioned as follows: 72.5% to Defendants Bhupinder SinghSawhny, M.D. and Neurosurgical Associates, Inc. jointly andseverally and 27.5% to Defendants Stryker Corporation and BrettBaird, jointly and severally." (Emphasis added).
 {¶ 7} On November 23, 2004, appellants filed a motion to vacate judgment on the cross-claims. On September 16, 2005, the trial court denied appellants' motion.
 {¶ 8} Appellants now appeal and assert two assignments of error for our review. Appellants' first assignment of error states:
 {¶ 9} "The trial court abused its discretion when it denied defendants Stryker Corporation and Brett Baird's motion to vacate judgment on cross-claims where the trial court set forth the apportionment of damages but failed to enter judgment on the cross-claims."
 {¶ 10} Appellants maintain that the trial court abused its discretion when it denied their motion to vacate because the November 16, 2004 judgment entry did not enter final judgment on the cross-claims. More specifically, appellants assert that "the Judgment Entry reflects only the apportionment of liability between the defendants, without expressly entering judgment in each defendant/cross-claimant's favor against the other cross-claim defendants in the amount and to the extent that any cross-claimant pays more than its proportionate share of plaintiffs' Judgment." Appellees concede appellants' contentions with regard to this issue. We, too, agree with appellants.
 {¶ 11} With regard to procedure, we note that we review a trial court's denial to grant relief from judgment under an abuse of discretion standard. Strack v. Pelton, 70 Ohio St.3d 172,174, 1994-Ohio-107, 637 N.E.2d 914. An abuse of discretion connotes more than an error of law; it implies that the trial court acted unreasonably, arbitrarily or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 12} Appellants filed a motion for relief from judgment, seeking a correction from the court of the November 16, 2004 judgment entry indicating the jury's determination as to the cross-claims. The trial court denied appellants' motion to vacate, and its proffered entry. The law, however, is well-settled that a court has the power pursuant to Civ.R. 60(A) to correct a clerical error. Dentsply Int'l, Inc. v. Kostas
(1985), 26 Ohio App.3d 116, 118, 498 N.E.2d 1079. Civ.R. 60(A) states:
 {¶ 13} "(A) Clerical mistakes. — Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."
 {¶ 14} A clerical mistake, as used in Civ.R. 60(A), is a "type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney. * * *" Dentsply Int'l,Inc., supra. Accordingly, a court may "supply omissions of a clerical nature which serve to have the record speak the truth," but may not make changes to modify an erroneous judgment. Id.
 {¶ 15} It is undisputed that the trial court failed to indicate in the November 16, 2004 judgment entry the jury's resolution as to the cross-claims. As such, the error was clerical in nature and not substantive, the trial court abused its discretion in denying appellants' motion and failing to correct the entry to reflect the jury's resolution as to the cross-claims. Therefore, we reverse and remand the proceedings consistent with this opinion. Appellants' first assignment of error is with merit.
 {¶ 16} Appellants' second assignment of error states:
 {¶ 17} "The trial court abused its discretion when it denied defendants Stryker Corporation and Brett Baird's motion to vacate judgment on cross-claims where the trial court included Mr. Baird as a cross-claim defendant but all cross-claims against him had previously been dismissed."
 {¶ 18} In light of our decision as to their first assignment of error, appellants' second assignment of error is rendered moot. Appellants argue that the trial court erroneously included Baird as a cross-claim defendant when all cross-claims against him had previously been dismissed. This is counterintuitive in light of appellants' first assignment of error. As the trial court failed to enter a judgment on the cross-claims, it therefore, could not have included Baird as a cross-claim defendant in the November 16, 2004 judgment entry. Accordingly, we decline to address appellants' second assignment of error as it is moot. App.R. 12(A).
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and McMonagle, J., concur.