OPINION
{¶ 1} Beveraly Newton appeals from the judgment of the Greene County Common Pleas Court granting her a divorce from her husband, Raymond Newton. The Newtons were married in 1989, and no children were born of the marriage. On *Page 3 
November 8, 2006, the court granted the Newtons a divorce. The court awarded Beveraly one-half of 16/22 of Raymond's STRS disability retirement. The court did not award spousal support to either party, finding that each party is employed and is capable of earning sufficient income from which to support themselves. The court also divided the parties' real estate and personal property.
 {¶ 2} On November 22, 2006, Raymond moved alternatively for a new trial or for relief from the judgment of divorce. Raymond contended the trial court should grant him a new trial because the trial court's orders were contrary to the equitable agreement of the parties or relief from judgment because the decree contained certain clerical mistakes. Specifically, Raymond contended the decree provided that Beveraly receive the 1995 Lincoln Town car free and clear of his claims despite their agreement to sell the car and apply the sales proceeds to joint debts. Raymond said the court also mistakenly ordered that Beveraly receive one-half of 16/22 of his retirement account, when Beveraly was to receive one-half of the account, and he was to receive one-half of Beveraly's retirement account.
 {¶ 3} On February 6, 2007, the trial court issued an order overruling Raymond's request to correct the final decree as it related to the car but found a scrivener's error in the omission of the coverture fraction and amended the final decree to state each party is "awarded one-half of the coverture" (of their respective retirement accounts). On February 15, 2007, Beveraly filed her motion for a new trial or for relief from judgment. Beveraly argued that the "amended" decree now did not reflect the equitable agreement of the parties. Specifically, Beveraly stated that the parties had agreed to a division of *Page 4 
their respective retirement plans only if she received spousal support. The next day, the trial court denied Beveraly's motions, stating that the court was not bound by any of the parties' pre-trial statements or negotiations.
 {¶ 4} Beveraly assigns as error the trial court's material alteration of the property division contained in the original divorce decree without providing her a hearing. Beveraly argues that while Civ.R. 60(A) provides a mechanism for correcting "blunders in execution," it does not permit the trial court to use that rule as a means of making substantive changes to a prior judgment. Raymond has not filed an answer brief in this matter.
 {¶ 5} As used in Civ.R. 60(A), a clerical mistake is the type of mistake or omission, mechanical in nature, which is apparent on the record and which does not involve a legal decision or judgment by an attorney. Dentsply Internatl. Inc. v. Kostas (1985), 26 Ohio App.3d 116,26 OBR 327, 498 N. E.2d 1079. There is nothing apparent from this record why the trial court decided to award Raymond one-half of Beveraly's retirement. Although the trial judge stated he listened to the audio of the final hearing to determine that the parties had agreed how the 1995 Lincoln Town Car would be disposed of, the court referred to nothing on the record that demonstrated the court had made an inadvertent error in dividing the parties' retirement pensions. Indeed, Raymond in his motions noted that the parties had agreed that Beveraly would receive one-half of Raymond's STRS disability retirement without regard to use of the coverture fraction. The trial court then proceeded to give Beveraly less than Raymond had agreed to give Beveraly. Both parties believe the trial court entered a final judgment which *Page 5 
failed to reflect their agreement.
 {¶ 6} Accordingly, we find the appellant's assignment of error to be well taken. On remand the trial court should grant a new trial on the issue of how best to divide the parties' respective retirement pensions. The judgment of the trial court is Reversed and Remanded for further proceedings.
 WOLFF, P.J., and GRADY, J., concur. *Page 1