OPINION
{¶ 1} Appellant, Mickey B. Layman ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas denying his *Page 2 
motion for relief from judgment. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} This case began as a foreclosure action filed by Ohio Valley Bank naming as defendants DFG2, LLC ("DFG2"), Donald F. Green ("Green"), and appellant, among others. The complaint alleged that appellant was liable because he had signed a personal guaranty for the debt secured by the mortgage. Appellant filed an answer denying all of the allegations in the complaint. A number of parties were added as defendants having possible claims to the real estate that was the subject of the foreclosure action.
 {¶ 3} On August 31, 2006, Ohio Valley Bank filed a motion for summary judgment against a number of the defendants, including appellant. Appellant did not file a response to the motion for summary judgment. On October 13, 2006, the trial court granted the motion for summary judgment. On October 23, 2006, the trial court signed a decree of foreclosure and order of sale that included language granting judgment jointly and severally against DFG2, Green, and appellant in the amount of $310,528.79.
 {¶ 4} On January 29, 2007, the trial court granted a motion substituting appellee, DOKARI Investments, LLC ("appellee"), as plaintiff. Counsel for appellee also submitted a notice of substitution of counsel.
 {¶ 5} On April 17, 2007, the trial court signed a final entry confirming the sale of the property and ordering distribution of the proceeds of the sale. The entry included language granting a deficiency judgment against DFG2, Green, and appellant for the $310,528.79 set forth in the judgment entry, minus $65,400.88 as proceeds of the sale given to appellee. *Page 3 
 {¶ 6} On February 12, 2008, appellant filed a motion seeking relief from judgment pursuant to Civ. R. 60(B). The motion identified the April 17, 2007 entry confirming the sale of the property as the judgment from which relief was sought. In the motion, appellant asserted that: (1) he had signed the guaranty as the agent of an Ohio corporation, and not in his individual capacity; and (2) the motion for summary judgment filed by Ohio Valley Bank had not included a request for judgment against appellant on the guaranty. Appellant asserted in the motion that counsel for Ohio Valley Bank was informed that judgment was not appropriate against appellant because the motion did not seek judgment on the guaranty, and that Ohio Valley Bank's counsel had agreed, but that appellee had been substituted as plaintiff before the error could be corrected. Appellant further asserted that counsel for appellee had also been informed of the error.
 {¶ 7} Appellant also argued in the motion that counsel for appellee failed to comply with Loc. R. 25.01 by submitting the proposed entry confirming the sale of the property to appellant's counsel prior to its signature by the court. Appellant argued that this failure prevented him from bringing the alleged error in the entry of judgment against him to the trial court's attention, and also prevented him from having notice of the judgment at an earlier date. While the motion was pending, appellant filed a supplement to the motion, arguing that relief from judgment would also be appropriate under Civ. R. 60(A) because the court's grant of summary judgment against him, even though the motion had not sought judgment on the guaranty, constituted a clerical error that the trial court was empowered to correct.
 {¶ 8} The trial court denied appellant's Civ. R. 60 motion. The court concluded that appellant had not established the existence of a meritorious defense if the court *Page 4 
granted relief from the confirmation entry, because vacating the entry would only allow appellant to challenge the confirmation of sale, not the court's grant of summary judgment against appellant. The court further found that appellant was using a motion for relief from judgment as a substitute for a timely appeal of the court's decision granting summary judgment. The court also rejected appellant's argument that granting summary judgment against appellant constituted a clerical error that could be corrected under Civ. R. 60(A).
 {¶ 9} Appellant alleges a single assignment of error:
 The Trial Court Erred in Not Granting Relief from Judgment in Accordance with Either Civ. R. 60(A) or Civ. R. 60(B).
 {¶ 10} In order to prevail on a motion for relief from judgment filed, pursuant to Civ. R. 60(B), the moving party must show that: (1) the moving party has a meritorious defense or claim to present if the relief is granted; (2) the moving party is entitled to relief on one of the grounds set forth in Civ. R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146. In the case of a motion based on the grounds listed in Civ. R. 60(B)(1) through (3), the rule requires that the motion be filed within one year after the judgment or order was taken. We review a trial court's determination on a Civ. R. 60(B) motion for abuse of discretion. Martin v. Hatfield, 10th Dist. No. 03AP-182, 2003-Ohio-4508. Abuse of discretion means more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. *Page 5 
 {¶ 11} The trial court denied appellant's Civ. R. 60(B) motion because the court determined that appellant had failed to demonstrate the existence of a meritorious defense to be presented if the requested relief was granted. Appellant's motion sought relief from the order confirming the sale of the property that was the subject of the foreclosure action, but asserted as the meritorious defense to be presented that he had not signed the guaranty in his individual capacity. The trial court concluded that granting appellant relief from the order confirming the property sale would not provide appellant with the opportunity to challenge the prior grant of summary judgment against appellant individually. The court further concluded that the proper method for appellant to challenge the trial court's grant of summary judgment would have been through the filing of a timely appeal, and Civ. R. 60(B) cannot be used as a substitute for an appeal.
 {¶ 12} We agree with the trial court's conclusion. The alleged meritorious defense offered by appellant — that summary judgment should not have been granted against him in his individual capacity — did not relate to the order confirming the sale, but rather to the entry granting judgment against appellant. Appellant appears to be suggesting that the order confirming the sale constituted a new judgment against appellant because it included language granting a deficiency judgment against appellant after the proceeds of the sale were distributed. However, the language in the order confirming the sale establishes that the original judgment in the amount of $310,528.79 was not a new judgment; rather, the trial court made it clear that $65,400.88 of the proceeds of the sale were to be credited against that original judgment.
 {¶ 13} Thus, the trial court correctly concluded that granting appellant relief from the judgment confirming the sale would not grant appellant any meaningful relief, *Page 6 
because vacating that judgment would not have affected the trial court's grant of summary judgment against him. Appellant's Civ. R. 60(B) motion alleged as grounds that the judgment resulted from mistake, inadvertence, surprise or excusable neglect, which is the ground listed in Civ. R. 60(B)(1). Thus, had appellant filed a motion for relief from judgment from the trial court's entry granting summary judgment against him, the motion would have been untimely, because it was filed more than one year after the court granted the motion for summary judgment and entered a decree of foreclosure. Finally, we agree with the trial court's conclusion that appellant's argument that judgment should not have been entered against him individually would have been subject to challenge by a timely appeal, and that appellant cannot use a motion for relief from judgment as a replacement for such an appeal.Martin.
 {¶ 14} Thus, the trial court did not abuse its discretion when it denied appellant's motion for relief from judgment pursuant to Civ. R. 60(B).
 {¶ 15} Appellant also argues that the trial court erred when it denied his motion for relief from judgment pursuant to Civ. R. 60(A). Civ. R. 60(A) provides a mechanism for a trial court to correct a clerical error at any time either on its own initiative or on motion of any party. A clerical error for purposes of Civ. R. 60(A) means "[t]he type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others." Martin, at ¶ 7, quoting Dentsply Intematl. v. Kostas (1985), 26 Ohio App.3d 116, 118.
 {¶ 16} Appellant argues that the trial court's signing of a judgment entry granting judgment against him individually when Ohio Valley Bank's motion for summary judgment *Page 7 
had not sought summary judgment against him constitutes a clerical error of the sort Civ. R. 60(A) was intended to address. We disagree. The decision whether a submitted entry accurately reflects a decision rendered by the court involves the exercise of discretion by the trial court, and therefore is not subject to correction under Civ. R. 60(A). Therefore, the trial court did not err when it denied appellant's motion for summary judgment pursuant to Civ. R. 60(A).
 {¶ 17} Consequently, appellant's assignment of error is overruled, and we affirm the trial court's judgment.
Judgment affirmed.
BRYANT and BROWN, JJ., concur. *Page 1