[Cite as *Walk v. Walk*, 2016-Ohio-7247.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ROBIN M. WALK (MACKEY) | : | |
| | : | Appellate Case No. 27052 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2012-LS-03 |
| v. | : | |
| | : | (Domestic Relations Appeal from |
| KURT E. WALK | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of October, 2016.

. . . . . . . . . . .

LAUREN L. CLOUSE, Atty. Reg. No. 0084083, Surdyk, Dowd & Turner Co., LPA, 7681 Tylers Place Boulevard, Suite 3, West Chester, Ohio 45069
　　　Attorney for Appellant

F. ANN CROSSMAN, Atty. Reg. No. 0043525, and MICHELLE M. MACIOROWSKI, Atty. Reg. No. 0067692, Crossman & Maciorowski, LLC, 7051 Clyo Road, Centerville, Ohio 45459
　　　Attorneys for Appellee

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Plaintiff-appellant Robin M. Walk, nka Mackey, appeals from an order of the

Montgomery County Common Pleas Court, Division of Domestic Relations, overruling her

Civ.R. 60 motion for relief from judgment.

{¶ 2} We conclude that the trial court did not abuse its discretion in overruling the motion, because Mackey failed to demonstrate that she is entitled to relief under the Rule. Accordingly, the order of the trial court from which this appeal is taken is Affirmed.

## I. The Course of Proceedings

{¶ 3} Robin and Kurt Walk were married in 1989. They had two children as a result of their union. They were divorced in October 2012, at which time, both of their children were minors. Kurt Walk was ordered to pay both spousal and child support.

{¶ 4} In May 2014, Kurt Walk moved to modify his spousal and child support obligations, based on the fact that he had lost his employment. Robin Walk, nka Robin Mackey, moved to hold Walk in contempt. After a hearing, the magistrate entered a decision overruling the motion for contempt. On the same date, the magistrate entered a separate decision sustaining Walk's motion for modification of support.

{¶ 5} Mackey filed a single document containing objections both to the magistrate's decision modifying support, and to the decision overruling the contempt motion. In October 2015, during a hearing on a matter unrelated to this appeal, the magistrate and the parties discussed the fact that the magistrate had made an error with regard to the calculation of child support as set forth in the June decision regarding modification of Mr. Walk's support obligation. The magistrate entered an amended decision on November 5, 2015, which contained the same language as the June decision modifying support, except that it contained the correct child support calculation.

{¶ 6} In November 2015, the trial court adopted the magistrate's amended

decision, and ordered relief accordingly. In its order, the trial court noted that no objections had been filed regarding the magistrate's amended decision. The trial court also stated that it had found no error of law or defect on the face of the magistrate's amended decision. The trial court also overruled Mackey's objections to the magistrate's decision on contempt.

{¶ 7} Thereafter, Mackey moved for relief from judgment pursuant to Civ.R. 60(A) and (B)(1). The trial court overruled the motion, finding that Mackey had failed to demonstrate that there was a clerical error regarding the judgment and had failed to demonstrate mistake, inadvertence, surprise or excusable neglect.

{¶ 8} Mackey appeals from the overruling of her Civ.R. 60(B) motion.

**II. No Appeal Has Been Taken from the Order of the Trial Court**

**Adopting the Amended Magistrate's Decision; Therefore,**

**the Merits of that Order Are Not Subject to Appellate Review**

{¶ 9} Ms. Mackey's First Assignment of Error states as follows:

THE TRIAL COURT ERRED IN FAILING TO RULE ON THE PENDING OBJECTIONS TO THE MAGISTRATE'S DECISION FILED ON OCTOBER 21, 2015 PURSUANT TO CIV.R. 53(E)(4)(b).

{¶ 10} Mackey contends that the order of the trial court adopting the amended decision of the magistrate must be reversed, because the trial court erred when it found that no objections to that amended decision were pending.

{¶ 11} A review of the record reveals that Mackey did not appeal from the order of the trial court adopting the amended decision of the magistrate. She moved for relief,

pursuant to Civ.R. 60(B), but did not appeal. A Civ. R. 60(B) motion for relief from judgment "is not available as a substitute for a direct appeal and may not be used as a device to attack the merits of a judgment as a matter of law." *Western Ohio Bank & Trust Co. v. J's Restaurant*, 2d Dist. Miami No. 84-CA-22, 1985 WL 7668, *3 (Feb. 27, 1985). Therefore, "an appeal from an order denying such a motion does not permit review of the merits of the judgment from which relief is sought." *Id.* In short, the rule may not be used "to circumvent or toll the time requirements for filing an appeal." *Id.*

{¶ 12} Therefore, we may not address the issue of whether the trial court erred by adopting the amended decision of the magistrate. Accordingly, the First Assignment of Error is overruled.

### III. The Fact that a Party Had Objected to a Prior Magistrate's Decision Is Not Grounds for Civ. R. 60 Relief from an Order Adopting the Magistrate's Subsequent Amended Decision

{¶ 13} Ms. Mackey's Second Assignment of Error states:

THE LOWER COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. 60(A) AND (B).

{¶ 14} Mackey contends that the trial court should have sustained her motion for relief from judgment. In support, she claims that the trial court was "put on notice" that her objections, some of which were not addressed by the magistrate's amended decision, remained pending at the time the trial court adopted the magistrate's amended decision. She argues that it was the duty of the trial court to address those objections and conduct an independent review of the amended decision, and that the failure to do so constitutes

either a clerical error, or mistake, inadvertence, surprise or excusable neglect.

{¶ 15} Civ.R. 60(A) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party * * *."

{¶ 16} A Civ.R. 60(A) clerical error means "the type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others.   It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney. * * * " *Martin v. Hatfield*, 10th Dist. Franklin No. 03AP-182, 2003-Ohio-4508, ¶ 7, citing *Dentsply Internatl., Inc. v. Kostas,* 26 Ohio App.3d 116, 118, 498 N.E.2d 1079 (8th Dist. 1985), quoting *In re Merry Queen Transfer Corp.,* 266 F.Supp. 605, 607 (E.D.N.Y.1967).

{¶ 17} In the case before us, the trial court found that there was no clerical mistake. We agree.   The trial court determined, correctly, that no objections had been filed regarding the amended decision.   The trial court was apparently aware of the prior objections, since it subsequently ruled upon the specific objections contained therein relating to the magistrate's contempt decision.   The prior objections made with regard to the first decision on support issued by the magistrate did not state, nor were they amended to state, that they applied to the amended support decision.

{¶ 18} We next turn to the issue of whether Mackey is entitled to Civ.R. 60(B) relief. Civ.R. 60(B) states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for

the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶ 19} In order to grant relief on a motion filed pursuant to Civ.R. 60(B), a trial court must determine that the movant has demonstrated (1) the existence of a meritorious defense or claim, (2) entitlement to relief under one of the grounds set forth in the Rule, and (3) that the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146, 150–51, 351 N.E.2d 113 (1976).

{¶ 20} The trial court found that Mackey failed to demonstrate mistake, inadvertence, surprise, excusable neglect, or any other reason sufficient to justify relief from judgment. We agree. Mackey acknowledged that she did not file any objections to the amended magistrate's decision. She did not claim mistake, inadvertence, surprise, or excusable neglect on her part. Instead, she argued that the error was the fault of the trial court, because it should have inferred that the objections to the support decision were still pending after the amended support decision was filed. We conclude that the trial court, in the absence of any filing indicating that the objections to the previous decision were intended to apply to the superseding amended decision, did not abuse its discretion in concluding that Mackey had not objected to the amended decision.

{¶ 21} "The decision to grant or deny a motion for Relief from Judgment pursuant to Civ.R. 60(B) is committed to the sound discretion of the trial court." *Morris v. Grubb*, 2d Dist. Montgomery No. 15177, 1996 WL 132202, * 1 (Mar. 8, 1996). We find no abuse of that discretion.

{¶ 22} The Second Assignment of Error is overruled.

### IV. Conclusion

{¶ 23} Both of Ms. Mackey's assignments of error being overruled, the order of the trial court overruling her Civ.R. 60 motion for relief is Affirmed.

. . . . . . . . . . . . .

FROELICH, J., and HALL, J., concur.

Copies mailed to:

Lauren L. Clouse
F. Ann Crossman
Michelle M. Maciorowski
Hon. Denise L. Cross