[Cite as *State v. Davidson*, 2022-Ohio-694.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110625 |
| v. | : | |
| JAVON DAVIDSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** March 10, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-653874-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Jonathan Sidney, Assistant Public Defender, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Javon Davidson ("Davidson"), raising a single assignment of error, argues that the Reagan Tokes Law is unconstitutional and,

therefore, his sentence imposed under that law is invalid.  For the following reasons, we affirm the lower court's sentence and remand for further proceedings.

**Factual and Procedural History**

{¶ 2}  On November 5, 2020, a Cuyahoga County Grand Jury indicted Davidson on  nine counts including aggravated robbery in violation of R.C. 2911.01(A)(1); aggravated robbery in violation of R.C. 2911.01(A)(3); robbery in violation of R.C. 2911.02(A)(1); robbery in violation of R.C. 2911.02(A)(2); robbery in violation of R.C. 2911.02(A)(3); felonious assault in violation of R.C. 2903.11(A)(2); grand theft in violation of R.C. 2913.02(A)(1);  having weapons while under disability  in violation of R.C. 2923.13(A)(1); and theft in violation of R.C. 2913.02(A)(1).  All counts except having weapons while under disability and theft carried one-year and three-year firearm specifications.

{¶ 3}  On December 3, 2020, Davidson was declared indigent and pleaded not guilty to the indictment.  Bond was set with the requirement that Davidson have no contact with the victim.

{¶ 4}  On March 2, 2021, Davidson withdrew his former pleas of not guilty and pleaded guilty to one count of robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree with a three-year firearm specification; one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree; and one count of having weapons while under disability in violation of R.C. 2923.13(A)(1), a felony of the third degree.  Davidson also agreed to have no contact with the victim

and to pay restitution in an amount to be determined. The state nolled the remaining counts and specifications.

{¶ 5} On the same date, the trial court sentenced Davidson to three years on the firearm specification, to be served prior to and consecutive with a two-year prison term on the underlying robbery charge. The court also sentenced Davidson to two years each on the felonious assault and having weapons while under disability charges. The two-year prison terms on the robbery, felonious assault, and having weapons while under disability charges were to run concurrent with each other. Based upon the three-year consecutive sentence on the firearm specification and the two-year concurrent sentences on the other offenses, Davidson received an aggregate minimum sentence of five years with a potential maximum term of six years. The trial court also mandated three years postrelease control on the robbery charge.

{¶ 6} On June 30, 2021, Davidson filed a timely notice of appeal arguing that the trial court erred when it imposed an indefinite sentence pursuant to the Reagan Tokes Law because the law is unconstitutional.

**Legal Analysis**

{¶ 7} Davidson's sole assignment of error is that his indefinite sentence under the Reagan Tokes Law is unconstitutional because it violates (1) Davidson's right to a trial by jury as protected by Article 1, Section 5 of the Ohio Constitution and the Sixth Amendment of the United States Constitution, (2) the separation-of-

powers doctrine, and (3) due process rights under Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution.

{¶ 8} Davidson's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges presented in this appeal to the Reagan Tokes Law enacted through S.B. 201. Therefore, we find that Davidson's sentence pursuant to Reagan Tokes was not a violation of his constitutional rights. Davidson's assignment of error is overruled.

{¶ 9} Although not raised as an issue by either party, we sua sponte remand the case for correction of the trial court's April 1, 2021 judgment entry.

{¶ 10} On March 2, 2021, the trial court issued a judgment entry that stated the trial court sentenced Davidson to a minimum term of five years in prison based upon (1) the three-year firearm specification to be served consecutive to and prior to the underlying robbery offense and (2) the two-year sentences on the underlying robbery, felonious assault, and having weapons while under disability charges that were to be served concurrent with each other. The March 2, 2021 judgment entry also included this language: "The court imposes a minimum prison term of eight year(s) and a maximum prison term of 12 year(s) on the underlying offense(s)." On April 1, 2021, the trial court issued a nunc pro tunc entry that removed the wording "on the underlying offense(s)" from the above-cited sentence. However, the April 1, 2021 nunc pro tunc judgment entry contained clerical errors; the entry stated the trial court imposed a minimum prison term of eight years and a maximum prison

term of 12 years when the trial court actually imposed an aggregate minimum sentence of five years and a maximum term of six years. [1]

{¶ 11} Trial courts retain jurisdiction to correct clerical errors in judgment entries so that the entries accurately reflect the trial court's decision. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19; Crim.R. 36 ("[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time"). Clerical mistakes refer to mistakes or omissions that are "mechanical in nature and apparent on the record" and do not address a legal decision or judgment. *State v. Brown*, 136 Ohio App.3d 816, 820, 737 N.E.2d 1057 (3d Dist.2000), citing *Dentsply Internatl., Inc. v. Kostas*, 26 Ohio App. 3d 116, 118, 498 N.E.2d 1079 (8th Dist.1985). While courts have inherent authority to correct clerical errors in judgment entries so that the record is accurate, "nunc pro tunc entries 'are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide.'" *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995).

---

[1] The March 2, 2021 judgment entry also included the following sentence: "Defendant advised of Reagan Tokes, and potential sentence of 8 years to 12 years on the underlying offense." The trial court's April 1, 2021 nunc pro tunc entry removed the wording "on the underlying offense" from the above-cited sentence. We do not find that the trial court's April 1, 2021 nunc pro tunc judgment entry created a clerical error regarding this sentence.

**{¶ 12}** The April 1, 2021 judgment entry contains clerical errors that can be corrected through a nunc pro tunc entry. Davidson received an aggregate minimum five-year sentence and maximum term of six years about which he was properly advised at the sentencing hearing. The April 1, 2021 judgment entry should be corrected to reflect the actual imposed sentence. Therefore, we sua sponte remand the matter to the trial court to issue a nunc pro tunc entry that (1) states the maximum term of six years and (2) excludes the following sentence from the April 1, 2021 judgment entry: "The court imposes a minimum prison term of 8 year(s) and a maximum prison term of 12 year(s)."

**{¶ 13}** Judgment affirmed and case remanded.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR

N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.